Twitchell v. Bridge.

JONAS TWITCHELL v. EBEN A. BRIDGE.

[IN CHANCERY.]

*False Representations. Partial Failure of Consideration. Sale. Foreclosure. Chancery. Costs.*

Where in negotiating the sale of a farm at a gross sum the seller represents with professed knowledge that the meadow thereon contains a greater number of acres than it does contain, not believing such representation to be true, and the purchaser relies upon such representation in the purchase, without knowledge to the contrary, the seller is bound to make good his representation, and in a suit in chancery, brought to foreclose a mortgage executed to secure a note given for the purchase price, can recover only what he is equitably entitled to receive.

The same rule would apply as to a false representation, in like manner, as to the productiveness of the meadow.

The defense on this ground is in no sense an offset; it is a defense growing out of the same contract on which the note and mortgage were given, and strikes at the consideration of the note.

It is in accordance with the policy and practice in chancery, that where the court has jurisdiction of the parties and subject matter for one purpose, it will proceed and settle all the rights of the parties relating to the subject matter as far as practicable.

The affirmation of what one does not know or believe to be true, intentionally made to induce another to enter into a contract, if it turns out to be false, is in law as unjustifiable as the affirmation of what he knows to be false.

The mandate directed as to costs, that the orator should recover costs such as [would have been taxable in his favor had a decree of foreclosure been entered without hearing at the term the suit was entered in court, and no more; and the defendant should recover his taxable costs during the pendency of the suit.

PETITION for foreclosure in common form in chancery, setting forth a mortgage by the defendant to the plaintiff, of a farm in Townshend, December 9, 1864, to secure a note of $3000 of same date on demand with interest after the next April, given for part of the purchase money of the farm.

The answer admitted the facts alleged in the petition, and says that the farm lies on West River in Townshend, and is composed in large part of interval or meadow, and some upland; that the meadow constitutes its chief value; that the defendant was not acquainted with the farm; that he bought it of the plaintiff in the winter when it was covered with snow; that the plaintiff fraudulently represented to him that the meadow contained eighty acres, whereas it contains by actual measurement only fifty-nine acres and thirty-one rods; that the defendant was unable to form any correct estimate of the number of acres, and was obliged to rely and did rely in making such purchase wholly upon the representations of the plaintiff, who knew such representations to be false; that the farm is worth $1250 less than what he agreed to give for it, owing to this deficiency in the quantity of land in the meadow, and claims that this sum should be deducted from the mortgage note.

The defendant says that the plaintiff falsely represented the upland, being wood and pasture, to contain thirty-five acres, when in fact it contains only twenty acres; that the plaintiff, to induce him to buy the farm, showed him the hay in the barns on the place, and represented it to be the product of the meadow the then last season, whereas it was the product of the two preceeding seasons; that the difference in the value of the farm as represented to be by the plaintiff, and what in fact it was at that time, is $1500; that the plaintiff promised to give him time to pay the note and interest, and aid him in stocking the farm, etc.

That he could not pay the interest owing to the products of the farm being so much less than they would have been, had the representations of the plaintiff been true; that he gave the plaintiff two notes for interest and for needed aid, one dated June 20, 1865, for $185.00, the other dated November 20, 1866, for $349.20; that the plaintiff, before bringing this petition, sued those two notes and the $3000 mortgage note, and attached and had sold upon the writ all of the defendant's personal property, amounting to about $800 worth, which suit is now pending in court; and prays that all the damages suffered by him from the wrongful acts of the plaintiff be deducted from the mortgage note, or that he be dismissed with costs, etc.

This answer was traversed, testimony taken and case heard by chancellor BARRETT, September term, 1867, on petition, answer, replication and proofs.

The decree was *pro forma* for the orator for the sum due, to be computed upon the note or notes described in the mortgage, without diminution, except for payments made, to be paid in one year from the 1st day of October, 1867 ; from which the defendant appealed.

The character of the testimony is sufficiently alluded to in the opinion of the court, except that it tended to show that the defendant made no claim or complaint to the orator of being deceived or misled by his representations till about the time this petition was preferred ; and it did not clearly appear that he did at all until the case had come into court. He professed that he became suspicious of the truth of the representations which he claims to have been false, not long after he went into possession under his purchase, and that his suspicions grew upon him till they were verified since the beginning of this suit by surveys and measurements.

*Abishai Stoddard*, for the defendant.

*Hoyt H. Wheeler*, for the orator, maintained that there was no fraud as to the quantity or quality of the land, and that parol evidence was not competent to prove a warranty. 1 Green. Ev., § 275 ; 1 Smith Lead. Cas., 196.

The conduct of the defendant since he has had knowledge of the quantity of the land and the crops it would bear, has been such that it shows that he did not rely upon any representations of the petitioner in these respects in making the purchase and that there was nothing which the parties understood constituted a warranty. *Bond* v. *Clark*, 35 Vt., 577.

The defense set forth in the answer is wholly unavaliable to the defendant for the purpose of reducing the sum due upon the mortgage. The mortgage is an incident to the debt, made merely to secure its payment ; the amount of the debt is to be ascertained by precisely the same rules that it would be in a suit at law. This

proceeding is instituted to enforce payment of the debt the same as an action at law would be, except that the mode of collection is different; the *debt* is the same in either case. 2 Story's Eq., 284 ; *McDaniels* v. *Lapham*, 21 Vt., 222.

That such a defense would be inadmissible to reduce the amount of recovery in an action at law cannot now be disputed. *Stone* v. *Peake*, 16 Vt., 213 ; *Burton*·v. *Schermerhorn*, 21 Vt., 289 ; *Richardson* v. *Sanborn*, 33 Vt., 75.

Neither can the reduction be made by way of a set-off. 2 Story, 666, § 1441.

The opinion of the court was delivered by

PECK, J. The note, secured by the mortgage which the orator seeks to foreclose, was given by the defendant to the orator for a part of the purchase price of the farm in question, conveyed by the orator to the defendant at the date of the mortgage. The defendant claims a deduction from the amount of the note on account of a fraudulent verbal warranty and false representations of the orator, as to the quantity of land in the intervale meadow which constituted the greater portion of the farm, and by which warranty and representations it is insisted the defendant was induced to make the purchase.

The description of the premises in the orator's deed to the defendant is not by courses and distances, but only by abuttals ; the boundaries given being the bank of West river and the bank of the creek, and the land of O. S. Howard and the land of John Blanden ; to which description is added : " *supposed to contain one hundred and fifteen acres be the same more or less.*" The deed refers generally to " former deeds," without specifying what deeds. It appears that the defendant resided at a distance from the farm, and was entirely unacquainted with it until he went to purchase it in the latter part of November, 1864, about the time the trade was made between the parties. It appears that no measurement was made, and that the orator represented the farm as containing one hundred and fifteen acres, and assured the defendant that the meadow contained eighty acres. Without going into the particulars of the evidence, it is sufficient to say that we

find that the orator, in negotiating the sale to the defendant, represented the meadow as containing not less than eighty acres, and made such representations with such professed knowledge on the subject, and with such assurance, that he must have known that the defendant relied on them as true in making the contract, and we further find that the defendant under the circumstances had a right to, and did, rely on the representations as true, and made the purchase upon the faith of them.

It is insisted by the orator's counsel that these facts, if proved, being proved by parol evidence, are inadmissible to prove a warranty that the meadow contained eighty acres. The defendant's counsel insists that, as the deed is silent as to the quantity of land *in the meadow*, such warranty may be proved by parol; but if not provable as a warranty, that the evidence further shows that the orator knew at the time, or had good reason to believe, that there were not eighty acres in the meadow, and that at the time of the representations he did not believe there was that number of acres in the meadow. We have no occasion to decide whether it is competent for the defendant to prove merely a verbal warranty; for in view of the fact that the orator had owned, occupied, and resided on this farm for more than thirty years, in connection with the other evidence and circumstances in the case, with the fact which we find, that the meadow actually contained but sixty acres, but three-fourths the number of acres the orator represented, we are all agreed that the orator must have had such reason to believe that the meadow did not contain eighty acres that he was not justified in representing to the defendant, and assuring him as he did, that it contained that number of acres. It is a significant fact that although the orator in his testimony testified that he bought the meadow for eighty acres, and that it was always called eighty acres, he nowhere in his testimony states that he supposed or believed when he sold it to the defendant that it contained eighty acres. The affirmation of what one does not know or believe to be true, intentionally made to induce another to enter into a contract, if it turns out to be false, is in law as unjustifiable as the affirmation of what he knows to be false. It is clear then that

the orator is bound in some form to make good his representations as to the quantity of land in the meadow.

But it is insisted that, in an action at law upon this note, the defendant could not interpose this defense to reduce the recovery upon the note, and that the same objection to such defense applies here. If no promissory note had been given, and this plaintiff had sued at law for the price of the land, there is no doubt that this defense would be admissible to reduce the recovery. So in actions at law upon promissory notes, a partial failure, or partial want of consideration, is a defense *pro tanto*, if it is a matter of computation, and not unliquidated damages to be assessed by the jury. Therefore if by the contract in this case the price of the meadow land had been at a certain sum *per* acre, this defense would be admissible *pro tanto* in an action at law upon the note; since on showing the *deficit* of the land, the sum to be deducted would be matter of computation. But as the whole farm was purchased at the gross sum of $4000, the sum to be deducted would not probably be matter of computation, as the meadow land and the hill land may not be of equal value by the acre. It has been held in this state that in actions at law upon promissory notes in case of partial failure, or partial want of consideration, if the amount is unliquidated, and not susceptible of being ascertained by computation, the defense can not be admitted. It is difficult to see any sound reason for this distinction. In *Kelly* v. *Pember*, 35 Vt., 183, it was held that such defense was admissible where the damage sustained by the maker of the note was equal to the amount of the note in suit, although another note also had been given for the other portion of the price of the land, and had been paid. The legislature, by the act of 1867, has abolished this distinction and let in such defenses, thus placing this subject on clear and sensible ground. As the decretal order in this case is entitled, September term, 1867, it is to be inferred that this case was heard in the court of chancery before that act was passed, and that act therefore can not control our decision on this appeal. The act however applies as well to notes executed before its passage as after. Nor is the aid of that statute needed to let in this defense *pro tanto*. It is in accordance with the policy and practice in

chancery, that where the court has jurisdiction of the parties and subject matter for one purpose, it will proceed and settle all the rights of the parties relating to the subject matter as far as practicable. The technical objection to adjusting this whole matter in this suit, is of no avail in a court of equity. It is in no sense an offset; it is a defense growing out of the same contract on which the note and the mortgage were given, and strikes at the consideration of the note. The proof shows a partial want of consideration. The orator is asking the court in a proceeding instituted by himself, to enforce the note for the whole nominal amount, and thus to compel the defendant to pay more than he justly or equitably owes, or else to be barred of his equity of redemption. A party who asks equity must do equity. It is not in accordance with equity law to compel this defendant to pay for land he never had; to pay more than the orator is entitled to hold; and to compel the defendant to resort to a court of law to recover back the excess. The whole matter should be adjusted in this suit, and the defendant decreed to pay only so much as the orator is equitably entitled to receive and ultimately retain.

The defendant claims a further deduction from the note on account of a misrepresentation by the orator of the amount of hay the meadow was accustomed to produce annually. The representation by the orator of the number of tons the meadow produced yearly on an average, is a representation of a fact affecting the quality and value of the land, for which the orator might be liable; especially as the defendant never saw the land till about the time of the purchase, when it was partially covered with snow, and had not the means of judging of its productiveness. It is satisfactorily established by the proof that the orator represented to the defendant that the meadow produced yearly on an average sixty tons of hay, when in fact it had produced considerably less. If this representation stood alone, unaffected by the orator's liability for the deficiency in the quantity of land in the meadow, we should have no difficulty in finding the necessary facts to hold the orator bound to make good this representation by an abatement from the stpulated price. But in determining the question whether the orator is to be made chargeable for this representation

as to the annual product of the meadow, in addition to his liability for the deficiency of twenty acres in quantity of land as above stated, and if so, for how much, we must look at both representations in connection. The two affirmations of the orator taken together amount to this: the meadow contains eighty acres, and produces annually on an average sixty tons of hay; that is, three fourths of a ton per acre. Now it turns out that the meadow contains but sixty acres, and the defendant is allowed a full compensation for the twenty acres deficiency. This deficiency in the quantity of meadow land is just one fourth of what the meadow was represented to contain. Now if the meadow produces three fourths the quantity of hay that the orator affirmed it did, the sixty acres of meadow which the defendant gets by his deed is as productive by the acre as the orator represented it; and the twenty acres which he did not get he is compensated for upon the ground of the falsity of the orator's representation of the quantity of land in the meadow. Assuming that the meadow produces three fourths the quantity of hay the orator affirmed that it did, the defendant should not be allowed anything for *deficit* in the product of the meadow, after being compensated for the deficiency in quantity of land in the meadow, as it is as productive by the acre as he was led by the orator's representation to suppose it was. But if the meadow produced less by the acre than the orator's representation indicated, the defendant was deceived by that representation in the productive quality of the soil, and for which he should be compensated. But we do not feel warranted from the evidence in finding the orator liable beyond what results from the deficiency in the quantity of land in the meadow as above stated.

The decree of the court of chancery is reversed and the cause remanded, with directions to that court to enter a decree of foreclosure for the orator for the sum due in equity upon the mortgage note; and in estimating the sum due, to deduct therefrom such sum as the mortgaged premises at the time of the sale thereof by the orator to the defendant were worth less by reason of the meadow containing but sixty acres (as we find the fact) than they would have been worth had the meadow contained eighty acres,

(as we find the orator in the sale represented that it contained;) this deduction to be made as of the date of the mortgage note. The orator to recover costs such as would have been taxable in his favor had a decree of foreclosure been entered without hearing at the term the suit was entered in court, and no more ; and the defendant to recover his taxable costs during the pendency of the suit.