## HORACE G. DARLING *v.* GEORGE STUART.

*Action for false warranty and deceit. Charge of court. Statement of fact without knowledge.*

1. If upon the entire charge the excepting party has suffered no harm, the judgment will not be reversed for error in the charge.

2. The action was for deceit and false warranty in the sale of a horse. The court instructed the jury that if the defendant made the representations in question as facts, and not opinion, under such circumstances that the plaintiff had the right to and did rely upon them as statements of fact, they would constitute a warranty upon which the plaintiff might recover if the statements were in fact false, whether the defendant knew them to be or not. *Held*, that a further instruction that the plaintiff could not recover on the ground of deceit without showing that the representations were false, and that the defendant knew them to be false was not revisable error.

3. *Quere*, when the statement of a thing as a fact about which the one making the statement has no knowledge at all, may amount to a fraud.

Action for deceit and false warranty in the sale of a horse. Plea, the general issue. Trial by jury at the June term, 1890, Powers, J., presiding. Verdict and judgment for the defendant.

The plaintiff excepts.

The defendant obtained the horse from his brother in Illinois in the winter of 1889, and sold him to the plaintiff in July of the same year. It appeared that the defendant had used the horse somewhat about his farm work while he owned it. There was no direct evidence in the case that the horse, while in the defendant's possession, was not perfectly sound, gentle and kind, or but that he would work in any spot and place to the defendant's knowledge.

The plaintiff's evidence tended to show that when he purchased the horse, the defendant stated to him that it was perfectly sound, gentle and kind, and would work in any spot or place, and that the plaintiff bought the horse relying upon these representations, and so informed the defendant; that in fact the horse was balky and would not work; was unsound by reason of two bunches just above the gambrel joint; interfered badly, and was a puller, that is, would break its halter in the stable.

The defendant's evidence tended to show that what he said to the plaintiff was true and that he believed it to be true.

That portion of the charge made material by the exceptions was as follows:

"This is an action on the case for the false warranty of a certain horse, which the plaintiff says he bought of the defendant on the 8th or 9th of July a year ago. The action is brought in such a form that the plaintiff, if he makes out his case, can recover upon either of two accounts : First, he may recover if there be a breach of warranty ; second, if there be no breach of warranty he may recover if there be fraud in the representations which the defendant made during the negotiations for this sale.

It becomes important then at the very outset of your inquiries to know what is meant by a warranty, and also what is meant by a fraud or deceit.

It is not every representation which is made during a treaty for purchase that amounts to a warranty. In other words, a seller may make representations respecting the property which he offers for sale, which representations may or may not be a warranty, according to the facts and circumstances under which they are made. A seller of property has a right to express his

opinion respecting its qualities. A man that offers a horse for sale may say that the horse is sound. Now then, if the statement is made merely as an expression of opinion respecting the soundness of the horse, and that is all there is to it, it is not a warranty. But if it be made as a statement of a fact, not a mere matter of opinion, but a statement of a fact which the seller intends to have the buyer treat as a fact, and rely upon as a fact, and the buyer does rely upon it as a fact, then it is a warranty. So that to sum up the whole matter, it may be said that a warranty is a representation made by the seller during the negotiations for the sale, of the existence of certain facts respecting the quality, character, or characteristics of the articles which he offers for sale, which representation the seller intends to have the buyer rely upon as a fact, that it is true, and the buyer does rely upon it as true.

I will re-state this, so that you may clearly understand it. A representation that is intended only to be a statement or an opinion by the seller is not a warranty. In order to have it take on the character of a warranty it must be a statement which the seller of the property makes intending to have the buyer understand that that statement is true, and that he may rely upon it as true. If it is made under such circumstances it is a warranty.

So that you see there is just this difference, and it is important to inquire in this case whether the representations, whatever they were, that were made by the defendant, when he sold this horse were simply a statement of his opinion about the horse, or they were a statement which he intended Mr. Darling to understand and believe were true, that he asserted it was a fact, intending to have Darling understand it as a fact, and Darling did understand it was a fact and relied upon it as being true, if it was that, then it was a warranty.

Now again, if it was not a warranty, the same representations as you will notice may be either a warranty, or it may be a deceitful representation. In the case of a warranty, if Mr. Stuart made representations respecting the qualities of the horse as a fact, and intended to have Darling understand of those representations that they were true and rely upon them, it does not make any difference whether Stuart understood whether those representations were true or not, he takes the risk of that, but if he saw fit to make those representations recklessly without knowing whether they were true or not, if he made them with the intent to have Darling rely upon them, then those representations amount to a warranty, no matter whether Stuart understood them to be true or not, so that Stuart's understanding as to the truth of

Darling *v.* Stuart.

the representations he made is of no importance, so long as the question stands as an inquiry whether there was a warranty or not.

But when you come to the second branch of the case which charges that, if there was not a warranty, there was deceitful representation, then in order to hold Stuart to any liability for a deceit it must appear that he knew the representation was untrue when he made it.

To recover for deceitful representation it is necessary that the jury be satisfied, first that the representation was made, second that it was untrue in fact, and third that the defendant knew it was untrue in fact.

In other words, it must be a fraudulent representation knowingly made by the defendant, when he makes it, to be false."

*Smith & Sloane* and *Alexander Dunnett*, for the plaintiff.

The plaintiff might recover on the ground of deceit although the defendant did not know that his representations were false. If a party makes a representation as true for the purpose of inducing the performance of an act, and the other party relying upon this does the act, an action accrues upon proof that the representation was false, whether the party making it knew of its falsity or not. *Cabot* v. *Cristie*, 42 Vt. 121; *Twitchell* v. *Bridge*, 42 Vt. 68; *Rowell* v. *Chase*, 61 N. H. 135.

*Bates & May*, for the defendant.

The charge, as applied to the facts in this case was correct. *West* v. *Emery*, 17 Vt. 583; *Bond* v. *Clark*, 35 Vt. 577.

If the party making a representation honestly believes it to be true, an action in tort will not lie for its falsity. 1 Benj. Sales 604, 606. Moak's Underh. Torts, 601.

The opinion of the court was delivered by

ROSS, Ch. J. The plaintiff purchased a horse of the defendant. He seeks to recover damages growing out of the purchase, on two grounds: First, that the defendant warranted the horse to be sound and kind, and secondly, that he fraudulently

represented the horse to be sound and kind. He alleges that the horse was neither sound nor kind. The plaintiff excepted to the charge of the court, that " in order to entitle the plaintiff to recover on the ground of deceit the plaintiff must make it appear that the representations made by the defendant to him were false, and that the defendant knew them to be false." It is conceded that as applied to the facts of most cases this is an accurate and sufficient statement of the law governing this subject. The plaintiff's counsel made no requests to the court to charge, but one of his counsel argued the case to the jury upon the theory that if the defendant made the claimed statements about the horse, as of his own knowledge, and they turned out to be false in fact, the plaintiff was entitled to recover, even if the defendant did not know but that his statements were true. The charge of the court was full and specific on both features of the case, and upon the count declaring upon a warranty, fully adopted this theory of the plaintiff's counsel. The plaintiff now contends that it was error that the court did not also adopt and apply this theory to the count in deceit. The court charged the jury upon the count in warranty that if the defendant made the claimed representations or statements in regard to the characteristics and qualities of the horse as facts, and not as opinion, under such circumstances that the plaintiff had the right to, and did rely upon them as statements of facts, it was a warranty that the horse had such qualities and characteristics, and he was bound to make his statements good, if false, even if he believed his statements true, and did not know of their falsity. The jury returned a verdict for the defendant. They must, therefore, have found that the plaintiff did not make the claimed statements and representations, as embodying facts, or that if he did make them as such, they were true. Hence, the plaintiff was given the full force and benefit of his theory upon one branch of the case, and the jury have found upon a careful, full and explicit charge, that his proof did not sustain his theory. Conced-

ing that he had the right to a like charge in the count for deceit, it is manifest that he. suffered no damage by the failure of the court to repeat it, on this count.

The plaintiff, to sustain the contention that he had the right to have the jury thus instructed on the count in deceit, relies upon *Twitchell* v. *Bridge*, 42 Vt. 68; *Cabot* v. *Christie*, 42 Vt. 121; and *Rowell* v. *Chase*, 61 N. H. 135. As said by Judge Peck, in *Twitchell* v. *Bridge:* " The affirmation of what one does not know, or believe to be true, intentionally made to induce another to enter into a contract, if it turns out to be false, is in law as un-justifiable as the affirmation of what he knows to be false." Or by Judge Steele, in *Cabot* v. *Cristie:* " A party may be guilty of fraud by stating his belief as knowledge." * * * "A representation of a fact, *as of the party's own knowledge*, if it proves false, is, unless explained, inferred to be *wilfully* false, and made with intent to deceive, at least in respect to the knowledge which is professed." * * * " A party who is aware that he has only an opinion how a fact is, *and represents that opinion as knowledge*, does not believe his representation to be true ;" or by Carpenter, J., in *Rowell* v. *Chase:* "The fraud consists in affirming actual knowledge of that which is capable of being known, but is, in fact, not known, with an intent to deceive. It is substantially the affirmation of a fact either known to be false or not known to be true, with fraudulent intent." From these varying statements it is seen, that the fraud in this class of cases, consists in passing the party's opinion, and which he knows is only an opinion, upon the other party for actual knowledge. In such a case the party knows that his representation is false, in that, it is not of his knowledge ; and the case falls within the statement of the law made by the court below. If, however, there had been evidence in the case fairly tending to show that the defendant had no knowledge in regard to the claimed qualities and characteristics of the horse, it might have been the duty of the court to have more fully explained this view of the law to the jury. But the exceptions show

Darling *v.* Stuart.

that the defendant had owned and used the horse more or less, for about six months, and whatever he did tell the plaintiff in regard to the qualities and characteristics of the horse should be assumed to have been from actual knowledge rather than from mere opinion. The facts, so far as disclosed, did not call upon the court to charge more fully upon this branch of the case, when it had fully met the theory advanced by the plaintiff's counsel, in argument to the jury upon the other branch of the case, to which it applied with more force.

*Judgment affirmed.*