FARRAR, BURT & Co. *vs.* E. H. POWELL, et al.

October Term, 1898.

Present: TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed February 3, 1899.

*Multifariousness.*—A bill is multifarious only when the orator claims several matters of different natures, not when one general right is claimed, although the defendants may have separate and distinct rights.

*Assignment—R. L. c. 94.*—One of the defendants assigned his assets to three others of the defendants, ostensibly under R. L. c. 94, but the assignees were also creditors and the assignment was, therefore, void as against the orators, who were creditors, unless they assented thereto. If the assignment should be treated as one at common law their assent was likewise necessary. The orators, therefore, cannot maintain this bill, which is predicated upon the assignment and calls upon the assignees to account, for instead of assenting to the assignment they expressly dissented therefrom by suing the assignor and attaching the assigned property, thus making their choice between inconsistent remedies.

CHANCERY. Heard in the vacation following the March term, 1897, Franklin county, upon demurrer to the bill brought forward in the defendants' answer, before *Ross*, Chancellor, who sustained the demurrer, adjudged the bill insufficient and dismissed the same with costs. The orators appealed.

The bill alleged that in 1891 defendant Goodspeed was

in embarrassed circumstances and. unable to meet his obligations as they fell due; that it was believed by him and his creditors that his property if judiciously managed and disposed of could be made to pay his debts; that an agreement was accordingly made between Goodspeed and his creditors, including the orators, that all of his assets should be assigned to three disinterested capable and honest persons to be disposed of for the benefit of the creditors under and by virtue of chapter 94 of the Revised Laws of this State; that the orators relying upon said agreement forbore the collection of their debts in the ordinary manner; that after the making of said agreement Goodspeed, without the knowledge or consent of the orators or any of his creditors, made an assignment for the benefit of his creditors to defendants Powell, Robb and Lambert, who were themselves creditors, and who in the first instance attempted to carry out the provisions of the aforesaid agreement by complying with said chapter 94 and agreeing to faithfully perform said agreement, and took possession of the property assigned; that Goodspeed in selecting the defendants Powell, Robb and Lambert violated his agreement in that he did not select three discreet, honest and disinterested persons, inasmuch as said defendants, being creditors, were interested and legally disqualified to perform the trust; that Goodspeed did not convey to said assignees all of his property, and that defendants Powell, Robb and Lambert did not keep their said agreement, did not file a true list of property and schedule of the creditors, but disregarded their duties and obligations to the property and converted the same to their own use, and finally distributed the property among themselves and refused to account in accordance with the provisions of said chapter; that the orators did not know that Powell, Robb and Lambert were creditors and legally disqualified at the time of their appointment, but afterwards, being advised by counsel that said assignment was void, prayed out a writ

of attachment against Goodspeed, attached certain of the assets and obtained judgment in their suit, after which they found that the defendants had placed said property beyond the reach of process; that a large number of intricate legal questions are involved and numerous vexatious suits likely to grow out of the said transaction, and that an accounting should be had and the defendants required to answer; that Goodspeed should be required to state whether he has conveyed to his assignees all of his property according to his agreement; that Powell, Robb and Lambert should be directed to account for the property conveyed to them and to pay the orators their just proportion of the same.

*W. D. Stewart* and *C. G. Austin* for the orators.

*Hogan & Royce* and *Powell & Powell* for the defendants.

TAFT, J.   The first point raised is that the bill is multifarious.   A demurrer for multifariousness holds only when the orator claims several matters of different natures. When one general right is claimed by the bill, though the defendants have seperate and distinct rights, a demurrer will not hold.   *Lewis* v. *St. Albans I. & S. Works*, 50 Vt. 477; *Smith* v. *Scribner*, 59 Vt. 96.   There is but one general right claimed by the bill before us.   That is, that the assignees shall account for the property which came into their hands by virtue of the assignment from the defendant Goodspeed.   No one is made a party defendant unless it is alleged in the bill that he has been in some way connected with the fraudulent disposition of the property or, in some manner, with the proceedings in respect to it.   The matters of the bill are not of different natures, and therefore the bill is not multifarious.

The assignment was made by Goodspeed to Powell, Robb and Lambert, in terms, under R. L. chap. 94.   It is suggested that the chapter was repealed, by implication, by the passage of the law relating to voluntary insolvency,—No. 1, Acts 1876.   If the assignment law was in force, the

assignment was invalid as to the orators, if they so elected, the assignees being creditors of the assignors, but would have been valid if the orators had assented thereto. *Merrill* v. *Englesby*, 28 Vt. 150. If the law of assignments was repealed, in the manner claimed, the assignment was good as a common law one. See *Mason* v. *Hidden*, 6 Vt. 600, and *Hall* v. *Denison*, 17 Vt. 310. A common law assignment must be assented to in order to bind a creditor. The result is that if treated as either a statutory or a common law assignment, the bill cannot be maintained. The orators dissented, as shown by the fact that after the assignment by Goodspeed they brought a suit at law against him and attached the assigned property, and in that suit obtained judgment for the amount of their claim.

When the assignment was made, whether it was a common law or a statutory one, it was competent for the orators in the first place to have treated it as operative and valid, and claim their rights under it, or they could have disaffirmed the assignment, a contract made for their benefit. *Bishop* v. *Catlin*, 28 Vt. 71. They treated it as not binding upon them, and proceeded at once to attach the assigned property and hold it independent of the assignment, or any rights of the assignees to it. The orators could not do both. They could not at the same time treat the assignment as valid and invalid. Having chosen the latter course and attached the assigned property, or a large part of it, upon the ground that the assignment was illegal, they cannot now abandon that position, ratify the assignment and maintain this proceeding. It was not the bringing of the suit and obtaining judgment that determined their election. That, they had a right to do. *Bank* v. *Deming*, 17 Vt. 366. It was disaffirming the assignment by an attachment of the assigned property which barred them from maintaining the position they now assume. Having made an election they are bound by it, whatever the result of the attachment may have been. If a person has

two rights that are inconsistent with each other, as when one action is founded on an affirmance, and the other on a disaffirmance, of a contract or sale of property, if he seeks one of the rights he is barred from taking a different position in seeking the other.  *White* v. *White*, 68 Vt. 161.

> *The decree dismissing the bill was correct; the same is affirmed and cause remanded.*