G. L. JOHNSON *v.* W. W. CATE.

May Term, 1902.

Present: ROWELL, C. J., START, WATSON and HASELTON, JJ.

Opinion filed November 18, 1902.

*False representations—Knowledge—Erroneous charge.*

A false statement is fraudulent when the maker of it passes off his belief as knowledge of the fact stated.

An erroneous charge requires a reversal, unless it appears that the verdict was not influenced thereby.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the December Term, 1901, Caledonia County, *Munson,*

J., presiding.   Verdict and judgment thereon for the defendant.   The plaintiff excepted.

*Dunnett & Slack* for the plaintiff.

It was not necessary that the defendant should know of the falsity of his statement relative to the settlement of the Grey, Howe & Stebbins claim.   If the plaintiff was damaged by the false statement, he is entitled to relief.   *Company* v. *Burns,* 71 Vt. 354; *Varnum* v. *Highgate,* 65 Vt. 416; *Garlan* v. *Bank,* 9 Mass. 408; *Bank* v. *Bank,* 3 Mass. 74.

The plaintiff was not at fault; the defendant told him that Gray, Howe & Stebbins were still owing him those items, whereas, they had in fact been adjusted.   This was sufficient to entitle the plaintiff to recover, and the addition to the charge necessitating that "the defendant knew" that the matter had been adjusted to make a ground for recovery is clearly erroneous.

*May & Simonds* for the defendant.

The charge in reference to the defendant's knowledge of the terms of settlement with Gray, Howe & Stebbins was correct.   Clark on Contracts, 338; *West* v. *Emery,* 17 Vt. 583; *Bond* v. *Clark,* 35 Vt. 577.

It will be remembered that upon the defendant's theory of the case, the misstatement, if any, was immaterial, since the lumber and saw were sold directly to the plaintiff.   So it does not appear that the error in the charge, if error there was, affected the verdict.   So the verdict must stand.   37 Vt. 99.

HASELTON, J.   This was an action of general assumpsit.   Trial was had by jury.   A general verdict for the defendant was returned, and judgment was rendered thereon.   The plaintiff's specification set out that he had been guarantor of a debt owed to the defendant by the firm of Gray, Howe & Steb-

bins, of Boston, that said firm had paid the debt, and that thereafter, in a settlement between the plaintiff and the defendant, the plaintiff had paid and allowed to the defendant the amount of said debt by reason of, and in reliance upon, false and fraudulent representations made to the plaintiff by the defendant to the effect that said Gray, Howe & Stebbins had not paid the debt.

The plaintiff's evidence tended to show that said debt had been paid by him, and that prior to said payment by him, said firm had a full and complete settlement and adjustment of all its dealings with the defendant, which dealings had been considerable, and that the debt in question had been included in such settlement and adjustment; that at the time of the payment by the plaintiff the defendant informed the plaintiff that said Gray, Howe & Stebbins had never paid the debt in question, nor made any allowance for the same in said settlement and adjustment; that the plaintiff was ignorant of the payment by Gray, Howe & Stebbins and paid the amount of said debt in reliance upon said representations of the defendant that it remained due and unpaid; that the settlement and adjustment, in which said debt was allowed by said firm to the defendant, were conducted by the defendant on his part through an agent, and that the defendant himself was not present when said settlement and adjustment were made.

The record shows, and the exceptions expressly state, that the case was tried upon the specification. In charging the jury, the Court, after stating the plaintiff's claim as shown by his specification, said: "To entitle the plaintiff to recover, he must prove that the defendant said, in substance, that Gray, Howe & Stebbins were still owing him these items; that the defendant, in fact, guaranteed such an account; that Gray, Howe & Stebbins had so adjusted matters with the defendant that they were not indebted to him on that account, and that the

defendant knew it." To this part of the charge, in so far as it made a finding that the defendant knew of the falsity of his representations essential to recovery by the plaintiff, the plaintiff excepted.

Because of the specification and the course of the trial, and not otherwise, the plaintiff could only recover by satisfying the jury that the representations which the defendant made were fraudulent as well as false. And so the question is, could the representations of the defendant in any view of the case have been fraudulent without actual knowledge on the part of the defendant of their falsity? We think they could. If the defendant had no more than an opinion or understanding that the claim had not been paid, it may well have been fraudulent for him to make an absolute representation that it had not been paid, and demand payment of the plaintiff. There was a view of the case presented by the evidence of the plaintiff, which made it error for the Court to charge that a finding of actual knowledge, on the part of the defendant, of the falsity of his representations, was essential to recovery by the plaintiff. Assuming that the defendant supposed or believed that the debt in question had not been embraced in the adjustment which he had made, through his agent, with Gray, Howe & Stebbins, still, if, as the plaintiff's evidence tended to show, at the time the defendant demanded payment of the plaintiff, the defendant put forth his mere supposition or belief as knowledge, and secured a second payment of the debt through the plaintiff's reliance upon such misstatement, he worked a fraud upon the plaintiff and the plaintiff was entitled to recover under his specification. *Cabot* v. *Christie,* 42 Vt. 121, 1 Am. Rep. 313.

The defendant's evidence tended to show that the indebtedness in question was one with which Gray, Howe & Stebbins had nothing to do, that it was the sole debt of the plaintiff, that the defendant did not make the representations claimed by

the plaintiff, nor any representations whatever in regard to the matter, that in the settlement with the plaintiff all matters in dispute were adjusted by a jump settlement, the defendant throwing off something from his account; and the claim is made in argument that, if there was error in the charge in the respect covered by the plaintiff's exception, there should be no reversal, since it does not appear that the verdict was influenced thereby, but that for anything that appears the verdict for the defendant may have been returned on some ground warranted by the defendant's evidence. But the law is that if it affirmatively appears that there was error in a charge there must be a new trial, unless it also appears that the verdict was not influenced thereby.

*Judgment reversed, verdict set aside, and cause remanded for new trial.*

