RICHARD COREY *v.* DELBERT BOYNTON.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed May 31, 1909.

*Contracts Made on Sunday—Validity—Ratification—Election*
*of Remedies—Election to Affirm Contract—Binding Effect*
*—Fraud—Matters of Fact or Opinion—Belief for Knowl-*
*edge—Evidence.*

Where plaintiff, on Sunday, exchanged a horse with defendant for a
promissory note, and subsequently defendant disposed of the horse
as his own, whereupon he was sued by plaintiff for deceit in the
original transaction, each ratified the Sunday contract.

Since plaintiff ratified the Sunday contract by suing defendant for
deceit in respect thereof, he is bound by that ratification, having
elected to affirm and not to disaffirm; the two being inconsistent
remedies, so that the election of one precludes resort to the other.

In an action for deceit for misrepresentations as to the pecuniary
ability of the maker of a promissory note that defendant ex-
changed with plaintiff for a horse, testimony that defendant told
plaintiff that he could get the money on the note at any time is
not inadmissible as tending to show the expression of a mere
opinion, for that statement was capable of being understood as
an affirmation that the maker of the note was able to pay it at
any time.

As tending to show that defendant knew that the note in question
was not collectible, it was proper to allow plaintiff to show that
defendant had obtained judgment against the maker for the full
amount of another note, and subsequently received the note in
question from the maker in satisfaction of that judgment.

If a person makes statements as of his own knowledge, when he knows
that he has no such knowledge, but is stating what he only
believes to be true, and the statements prove false, he will be
liable in an action for deceit to a person who relied on the state-
ments to his damage.

CASE for deceit. Plea, the general issue. Trial by jury at
the April Term, 1908, Windham County, *Powers,* J., presiding.

17

Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Loren R. Pierce* and *J. K. Batchelder* for the defendant.

The statement of defendant that plaintiff could get the money on the note at any time was the statement of a mere opinion, and must have been so understood. *Foster* v. *Est. of Caldwell*, 18 Vt. 176; *Bond* v. *Clark*, 35 Vt. 577; *Allison* v. *Jack*, 40 N. W. 811; 7 N. Y. Supp. 76.

Such an opinion, honestly expressed, cannot constitute fraud. *Shanks* v. *Whitney*, 66 Vt. 405; *Palmer* v. *Bell*, 85 Me. 352; *Burns* v. *Dackery*, 156 Mass. 135; *Nash* v. *Minn. Title Ins. Co.*, 34 N. E. 625.

The contract in question was void because made on Sunday; and the court will not lend its aid in enforcing it. *Lyon* v. *Strong*, 6 Vt. 219; *Lovejoy* v. *Whipple*, 18 Vt. 379; *Goss* v. *Whitney*, 27 Vt. 272; *Williams* v. *Paul*, 6 Bing. 653; *Adams* v. *Gay*, 19 Vt. 358.

*O. R. Clayton* and *Gibson & Waterman* for the plaintiff.

The Sunday contract was ratified and made valid by the subsequent acts of the parties. *Adams* v. *Gay*, 19 Vt. 358; *Sumner* v. *Jones*, 24 Vt. 317; *Flinn* v. *St. John*, 51 Vt. 334; *Holman* v. *Johnson*, Cowp. 343; *Greenwood* v. *Curtis*, 6 Mass. 358; *Utica Ins. Co.* v. *Kipp*, 8 Cow. 20.

ROWELL, C. J. This is case for deceit in the exchange of a promissory note for the plaintiff's horse. It appeared that one Unwin gave his promissory note to the defendant in 1893, on which the defendant recovered judgment for the full amount in 1900, and that subsequently Unwin gave the note in question to the defendant in satisfaction of the judgment. The plaintiff claimed that the defendant represented to him as an inducement to make the trade that Unwin owned a farm and quite a large stock of cattle in Grafton, and that the plaintiff could get the money on the note from Unwin whenever he sent for it or demanded it. The plaintiff further claimed that Unwin did not own a farm nor any real estate nor any stock of cattle in Grafton nor elsewhere, and that he could not get the money on the note

from Unwin at any time, all which the defendant then and there well knew.

The trade was made and fully completed and ended on Sunday. It appeared that the defendant kept the horse and traded it off before suit brought, and thus took the benefit of the trade with the plaintiff. The court charged that this was a ratification of the trade by the defendant, and that the rights of the parties were just the same as they would have been had the trade been on a week day.

The defendant says that this charge raises the simple question whether a contract for the exchange of property, made and consummated on Sunday, is ratified by the mere subsequent retention of the property by the parties without protest, demand, or offer to return, and contends that such a retention is no ratification. But here is more than a mere retention, for the defendant disposed of the horse as his own before suit brought, and appropriated the avails to his own use, and that was a ratification of the contract on his part, for he thereby treated it as in force. *Flinn* v. *St. John,* 51 Vt. 334, 345. And the plaintiff ratified it by bringing this suit, for that was an election to affirm it and not to disaffirm it, and he is bound by it, for to affirm and to disaffirm are inconsistent remedies, and the election of one precludes resort to the other. *White* v. *White,* 68 Vt. 161, 34 Atl. 425; *Pawlet* v. *Kelley,* 69 Vt. 398, 38 Atl. 92; *Farrar* v. *Powell,* 71 Vt. 247, 251, 44 Atl. 344.

The defendant objects that it was error to allow the plaintiff to testify that the defendant told him that he could get the money on the note at any time, for that the statement was in its very nature only an opinion, and must have been so understood by the parties. But it was capable of being understood as meaning that Unwin was pecuniarily able to pay the note at any time, and therefore it was for the jury to say how the parties understood it.

As tending to show that the defendant knew that Unwin could not pay the note as he represented, it was competent for the plaintiff to show the history of the note as he did, with nothing ever paid on it.

The defendant requested the court to charge that if the statements relative to Unwin's financial responsibility and property, made by the defendant at the time of the trade, were made in good faith in consequence of representations made to him

by Unwin, he would not be liable though they were not true in fact. The court refused to charge thus, but charged that if the defendant made the statements as of his own knowledge when he was aware that he had no such knowledge but was stating only what he believed to be true, he would be liable. This was right. *Cabot* v. *Christie*, 42 Vt. 121, 1 Am. Rep. 313.

*Judgment affirmed.*