GEORGE H. ADAMS v. ANDREW D. LADEAU.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 26, 1911.

*Vendor and Purchaser—Sale of a Farm—Seller's Fraudulent Representation—Matters of Fact or of Opinion.*

The seller of a farm may be guilty of fraud on the buyer by asserting as the seller's knowledge in respect of a material fact what is merely his opinion or belief about it; but the seller's mere incorrect declaration as to a material fact, though relied on by the buyer, is not, without regard to the circumstances and situation of the parties, necessarily fraudulent as matter of law.

The mere fact that a statement has the declarative form does not necessarily imply that the declarant makes the statement "as of his own knowledge."

A declaration as to the acreage of a farm, made by the seller to the buyer, and which operated to induce the purchase, when considered in the light of the buyer's familiarity with the farm, and his statement that it was unnecessary to show him the boundaries, of which he made no claim that he was ignorant, and the fact that he paid no more for the farm than it was worth, does not necessarily imply that the buyer was entitled to rely on the declaration as a statement by the seller "as of his own knowledge."

The Supreme Court will not, for the purpose of reversing a judgment, take notice of what is neither expressly stated in, nor a necessary inference from, the certified facts.

CASE for deceit in the sale of a farm. Plea, the general issue. Trial by court at the June Term, 1909, Orange County, *Taylor,* J., presiding. Judgment for the defendant to recover his costs. The plaintiff excepted. The opinion states the case.

*Wallace Batchelder* and *R. M. Harvey* for the plaintiff.

The finding that defendant did not know the acreage of the farm, but supposed that the farm consisted of one hundred acres, does not relieve defendant from the liability that he

incurred by representing as of his own knowledge that the farm consisted of one hundred acres. The declaration relied on by plaintiff was a positive statement of fact and not the statement of an opinion, and was so relied on by plaintiff. *Corey* v. *Boynton*, 82 Vt. 257, *Cabot* v. *Christie*, 42 Vt. 121; *Harlow* v. *Green*, 34 Vt. 379; *Johnson* v. *Cate*, 75 Vt. 100; *Thompson* v. *Koewing et al.*, 75 Atl. 752, 20 Cyc. 44; *Vincent* v. *Corbett*, 47 So. 641; *Gener* v. *Mosher*, 48 Neb. 135, 46 L. R. A. 244; *Bullitt* v. *Farrar*, 42 Minn. 8, 6 L. R. A. 149; *Caldwell* v. *Henry*, 76 Mo. 254; *Aldrich* v. *Scribner*, 18 L. R. A. 379; *Eichelverger et al.* v. *Mills Land & Water Co. et al.*, 100 Pa. 117.

*March M. Wilson* for the defendant.

HASELTON, J. This is an action on the case for deceit in the sale by the defendant to the plaintiff of a certain farm in Braintree known as the Elhanan Fitts farm. The cause was tried by the court; a finding of facts was made and reduced to writing; and on the facts found judgment was rendered for the defendant to recover his costs. The case comes here on an exception to such judgment.

The farm in question was worth thirteen hundred and twenty-five dollars and was sold by the defendant to the plaintiff for that sum, the plaintiff paying one hundred and twenty-five dollars in cash and assuming a mortgage of twelve hundred dollars which rested on the farm. During the negotiations for the sale, negotiations which were had shortly before the execution and delivery of a deed, the plaintiff asked the defendant how many acres the farm contained and the defendant replied: "One hundred." Nothing further is found as to the circumstances under which this statement was made. This statement is all that was said by the defendant about the acreage of the farm. The defendant had purchased the farm about a year before the time in question, and at the time of his purchase it was represented to him that the farm contained about a hundred acres, and he supposed, but did not know, that it did. During the negotiations the defendant offered to show the boundaries to the plaintiff but the plaintiff said it was unnecessary for the defendant to do that. The plaintiff had for several years lived in the vicinity of the farm, had been past the place

frequently, was quite familiar with it, and made no claim that he did not know the boundaries and the extent of it. The farm, in fact, contained only sixty-four acres, as the plaintiff discovered sometime after the sale; but, as has been said, at the time of the sale it was actually worth the purchase price, and it would have been worth three hundred dollars more than that if it had contained a hundred acres divided into tillage land, pasture and woodland, bearing to each other the same proportion as the tillage land, pasture and woodland of its actual acreage bore to each other. The court found that in purchasing the farm the plaintiff relied on the defendant's statement as to acreage.

The plaintiff claims that the judgment for the defendant should be reversed and that judgment should be rendered for the plaintiff to recover the sum of three hundred dollars and his costs.

We treat the finding of the court that the plaintiff in the purchase of the land relied on what the defendant had said about acreage in the previous negotiations as equivalent to a finding that what the defendant had said operated as an inducement to the sale; but there is no finding that the statement was made with an assertion of knowledge or under such circumstances that the paintiff had a right to rely upon them unless the bare recital of what the defendant said amounts to such finding.

The principle that one may be guilty of fraud in putting off mere belief or opinion as matter of knowledge is well settled. *Twitchell* v. *Briggs*, 42 Vt. 68, was a petition in chancery for the foreclosure of a mortgage securing a note given by the defendant to the orator for a part of the purchase price of a certain farm. The main question was whether the defendant was entitled to a deduction from the amount of the note on account of false representations, at the time of the sale and purchase, as to the quantity of acres in the farm. A meadow which constituted the principal part of the farm consisted of but sixty acres, and the orator in making the sale had represented it as containing eighty acres. In considering the case which was heard in this Court in 1869, at the February Term for Windham County, the Court speaking by Judge Peck say: "Without going into the particulars of the evidence, it is sufficient to say that we find that the orator, in negotiating the sale

represented the meadow as containing not less than eighty acres, and made such representations with such professed knowledge on the subject, and with such assurance, that he must have known that the defendant relied on them as true in making the contract, and we further find that the defendant under the circumstances had a right to, and did, rely on the representations as true, and made the purchase upon the faith of them." While the Court disclaimed going into the particulars of the evidence which it considered in connection with the representations, it called attention to the fact that at the time of the trade the defendant resided at a distance from the farm and was entirely unacquainted with it, and that the orator had owned and lived on the farm for more than thirty years.

Later in the year and month in which the Twitchell case was heard the case of *Cabot* v. *Christie*, 42 Vt. 121, 1 Am. Rep. 313, was heard by the Supreme Court for the County of Windsor. This was an action of case for false representations as to acreage in the sale of a farm.   This case re-asserts the principle that a party may be guilty of fraud in such a matter by making a representation as of his own knowledge when he has only an opinion or belief about it.   In that case it was conceded that the quantity of land was incorrectly represented in the sale, and the Court said that such  act in itself would not amount to fraud.   But the Court there say that if the defendant "made an absolute representation as to the quantity which was understood and intended to be understood as a statement upon knowledge, it is precisely the same as if he had distinctly and in terms professed to have knowledge as to the fact."   It was held that the charge did not give the· plaintiff the benefit of this rule· of law and so the judgment which the defendant had  obtained  was reversed and the cause remanded.   These two cases establish that a party may be guilty of fraud by passing off his mere belief as matter of knowledge; and they further establish that a merely incorrect declaration as to a material fact though relied on, is not, without regard to circumstances and the situation of the parties, necessarily fraudulent as matter of law.   To the same effect are *Corey* v. *Boynton*, 82 Vt. 257, 72 Atl. 987; *Johnson* v. *Cate*, 75 Vt. 100, 53 Atl. 329; *Slack* v. *Bragg*, 83 Vt. 404, 407, 76 Atl. 148; *Belka* v. *Allen*, 82 Vt. 456, 74 Atl. 91; *Crompton*

v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748.

The fact that a statement takes a declarative form does not of itself necessarily imply that the declarant makes the statement "as of his own knowledge," as appears from the cases just cited.

The declaration of the defendant recited in the findings of the trial court was evidence tending to show that the representation as to acreage was made by the defendant as of his own knowledge, and that the plaintiff had a right to rely upon it.

But the court was entitled to give consideration to other things. The long and great familiarity of the plaintiff with the farm, his statement that it was unnecessary that he be shown the boundaries, the fact that he made no claim that he did not know the boundaries and the extent of the farm, and the fact that he paid for the farm only what it was worth, were matters which it was proper for the court to consider in connection with the other evidence in determining whether the representation as to the extent of the farm, as expressed in terms of acres, was one which the defendant had a right to rely on as one made by the plaintiff as of his own knowledge.

We ought not, for the purpose of reversing a judgment, to read into the finding of facts something which is not there, and which is not a necessary inference from the facts found.

*Judgment affirmed.*