EDWARD D. BARTLETT AND LEROY F. FORTNEY *v.* ANTONIO BONAZZI.

February Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 26, 1916.

*Privilege from Arrest on Civil Process—Postmaster—Plea in Abatement—Sufficiency.*

The mere incumbency of the office of postmaster constitutes no privilege from arrest in civil actions.

A plea by way of abatement of a writ in an action of tort, served by arresting defendant, alleging that at the time the writ was served defendant was postmaster at Plainfield and as such claimed his privilege from arrest as shown by the officer's return, which is referred to and made a part of the plea; that when arrested he was engaged as such postmaster in doing designated things so numerous that it is impossible to surmise just what he was doing in person, but not alleging that his arrest resulted, or could have resulted, in delay of the mails, is insufficient, where the officer's return shows that defendant claimed privilege from arrest solely because he was postmaster, and not because he was actually and personally in the performance of any of the duties of his office.

CASE for deceit, Washington County, September Term, 1915, *Waterman,* J., presiding.   Heard on demurrer to defendant's plea by way of abatement of the writ.   Demurrer sustained and plea adjudged insufficient.   Defendant excepted.   Cause passed

to this Court before further proceedings. The opinion states the case.

*Edward H. Deavitt* for the defendant.

*Harrison J. Conant* and *John W. Gordon* for the plaintiff.

HASELTON, J.   This is an action of tort in which the plaintiff claims that the defendant obtained credit under false pretences.

The action being tort, the writ was served by arresting the defendant, who thereupon gave bail.

In county court the defendant filed what he denominates a plea in abatement. The grounds of it are that at the time of the service of the writ he was a postmaster at Plainfield acting as such, that he was in charge of the mail in the postoffice there, that he was preparing mail matter for transportation to other points within and without the State, that he was preparing other mail matter for delivery and distribution to the patrons of the postoffice at Plainfield, that he had in his possession other mail matter that had been transported to Plainfield, that he was performing other duties as the lawful postmaster at the postoffice in Plainfield, and that at the time of the service of the writ upon him he claimed his privilege from arrest as stated in the plea and as shown by the officer's return which is referred to and made a part of the plea. The plaintiff demurred to this plea, the demurrer was sustained and the plea adjudged insufficient, the defendant excepted, and the case passed to this Court before further proceedings.

It is not claimed in the plea that there was any delay or hindrance in respect to mail caused by the arrest, or that there would have been if the defendant had not procured bail.

The plea names so many things that the defendant was doing at the very time of the service of the writ that it is impossible to surmise just what he was actually doing in person, and by reference to the officer's return, which is made a part of the plea, it appears that he claimed privilege from arrest solely because he was postmaster and not because he was actually and personally in the performance of any of the duties of such office

Our statute, P. S. 2090, 2091, requires that when a person is privileged from arrest in a civil cause he shall state his privilege to the officer at the time the arrest is made.

In argument the defendant claims that he did this and that the officer's return shows the privilege claimed. So it all comes to this, that mere incumbency of the office of postmaster is all the privilege claimed according to the defendant's own interpretation of his plea. Such mere incumbency of the office of postmaster constitutes no privilege from arrest.

*Judgment affirmed, demurrer sustained, plea adjudged insufficient and cause remanded.*