EDWARD D. BARTLETT AND LEROY F. FORTNEY *v.* ANTONIO BONAZZI.

November Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 17, 1917.

*Deceit—Actionable Misrepresentations—Retention of Security—Rescission.*

False representations knowingly made by defendant as to existing facts affecting the financial condition and ability of a firm, of which defendant was a member, whereby the plaintiffs, who relied upon the representations and believed them to be true, were induced to become sureties upon notes of defendant's firm which they were afterwards obliged to pay, are actionable.

Where plaintiffs were induced by the fraudulent misrepresentations of defendant to become sureties on notes of the firm which they were afterwards obliged to pay, and at the time of signing the notes took a chattel mortgage security from defendant, they need not return

the security in order to enable them to sue for the recovery of such damages as they had suffered from the fraud, after realizing all they could upon the security.

*Fisher* v. *Brown*, 1 Tyler 387, and *Dyer* v. *Tilton*, 23 Vt. 313, overruled.

ACTION IN TORT FOR DECEIT. Heard on demurrer to the declaration at the September Term, 1916, Washington County, *Fish*, J., presiding. Demurrer overruled, declaration adjudged sufficient. Defendant excepted, and case certified to the Supreme Court for hearing on the demurrer before trial on the merits in county court.

The declaration alleged that the defendant and one Fernandino Bonazzi were copartners in trade under the firm name of F. Bonazzi & Son, and that the defendant applied to the plaintiffs to sign as sureties for the said firm a certain promissory note of the said firm for the sum of $1,847 payable to the order of the First National Bank of Montpelier, 60 days after date; that as an inducement to the plaintiffs to sign the note as sureties, the defendant falsely, fraudulently and deceitfully represented to the plaintiffs that the firm was solvent and had a large number of unfilled orders for its material and labor to supply; that the firm owned a certain quantity of granite, which it was then shaping into two monuments for two customers, the contract prices for which aggregated $800, which sum would be due and paid before the note would become due, and that the said $800 would be applied upon the note by the firm immediately upon its receipt; that the plaintiffs believed and relied upon the representations and by reason thereof were induced to sign and deliver the note to the defendant for his accommodation and benefit; that the representations were false and were known to be false by the defendant; that the note was unpaid at maturity and was protested for nonpayment and that the plaintiffs were compelled to and did pay the same; that at the time of the signing of the note by the plaintiffs, the defendant executed to the plaintiff, Edward D. Bartlett, a chattel mortgage which had been foreclosed and a certain sum realized thereon, which had been applied upon the damages suffered by the plaintiffs by reason of the foregoing false and fraudulent representations.

The defendant demurred, and assigned as causes of demurrer that by accepting the benefit of the chattel mortgage secured

him and realizing thereon, the plaintiffs ratified and confirmed the agreement, under which they had signed the notes and received the mortgage security, and had waived whatever rights, if any, they might have had to rescind the agreement by reason of the fraud or representation on the part of the defendant; that the plaintiffs had not offered to place the parties *in statu quo* by offering to return the chattel mortgage security to the defendant; that the plaintiffs by realizing upon their chattel mortgage security and applying the same upon their debt had waived any right they might have had to maintain an action for fraud or misrepresentation; that the plaintiffs were estopped from disaffirming or rescinding the agreement; and that the allegations in the declaration did not show any actionable fraud or action of deceit on the part of the defendant.

*Edward H. Deavitt* and *Fred L. Laird* for defendants.

After paying the note the plaintiffs could proceed in a tort action on account of the false representations, or they could waive the tort and proceed in an action of assumpsit. By taking the benefit of the chattel mortgage security after the choice of two inconsistent courses was presented, prevented the plaintiffs from thereafter maintaining a tort action. 7 Enc. Pl. Prac. 368; 8 id. 894; *Palmer* v. *Preston,* 45 Vt. 154; *Bowen* v. *Buck,* 28 Vt. 308; *Poor* v. *Woodman,* 25 Vt. 241; *Pawlet* v. *Kelly,* 69 Vt. 398; *Corey* v. *Boynton,* 82 Vt. 257; 3 Wait's Actions and Defenses, tit. Fraud. Art. 5, §§ 1, 3.

The allegations respecting the actions and conduct of the defendant do not show actionable fraud or deceit. *Best* v. *Smith,* 54 Vt. 617; *Dyer* v. *Tilton,* 23 Vt. 313; *Belka* v. *Allen,* 82 Vt. 456; *Jude* v. *Woodburn,* 27 Vt. 415; *Hunt* v. *Lewis,* 87 Vt. 528.

*John W. Gordon* and *Harrison J. Conant* for plaintiffs.

The representations of the defendant are actionable. *Bank* v. *Hammond,* 25 Colo. 367; *Andrews* v. *Jackson,* 168 Mass. 266; *Morse* v. *Shaw,* 124 Mass. 59; *Crompton* v. *Beedle,* 83 Vt. 287; *Adams* v. *Soule,* 33 Vt. 538; *Corey* v. *Boynton,* 82 Vt. 257; *Weeks* v. *Burton,* 7 Vt. 67; *Hedin* v. *Institute,* 62 Minn. 146, 35 L. R. A. 417, and note; *Childs* v. *Merrill,* 63 Vt. 463; *Jude* v.

*Woodburn,* 27 Vt. 415; *Oben* v. *Adams,* 89 Vt. 158; *Slack* v. *Bragg,* 83 Vt. 404; *Rowell* v. *Ricker,* 79 Vt. 552; *Silas Stove Co.* v. *Brown,* 71 Vt. 478; *Shanks* v. *Whitney,* 66 Vt. 405; *Stearn* v. *Clifford,* 62 Vt. 92; *Hodgeden* v. *Hubbard,* 18 Vt. 504; *Weeks* v. *Burton,* 7 Vt. 67.

One who has been induced by the fraud of another to enter into a transaction and has suffered damage thereby has a right of action against such person. *Pasley* v. *Freeman,* 3 T. R. 51, 12 Eng. Rul. Cas. 235, 2 Smith's Leading Cases, 1300; Kerr on Fraud and Mistake (4 ed.) 396; *Childs* v. *Merrill,* 63 Vt. 463.

The right of action for damages was not waived. In this case it was impossible to place the parties *in statu quo,* and the remedy of rescission became inapplicable. *Ward* v. *Marvin,* 78 Vt. 141; Kerr on Fraud and Mistake, 332, 381, 388, 401; *Mallory* v. *Leach,* 35 Vt. 156; *Arnison* v. *Smith,* 41 Ch. Div. 348.

In order to maintain an action for deceit, when benefit has been received by the plaintiff, it is not necessary that such benefit should be returned. The defrauded party may retain the benefit and sue for damages he has received. Williston on Sales, § 646; *Haven* v. *Neal,* 43 Minn. 315; *Whiting* v. *Price,* 172 Mass. 240; *Thomson* v. *Sanders,* 118 N. Y. 252; *Kellenberger* v. *Meisner,* 103 App. Div. 231; *Naumann* v. *Oberle,* 90 Mo. 666; *Houldsworth* v. *City of Glasgow Bank,* L. R. L. 5 App. Cas. 317; *Sisson* v. *Hill,* 18 R. I. 212; *Binghampton Trust Co.,* 68 Ark. 299; *Standard Co.* v. *Owings,* 140 N. C. 503; *Black* v. *Miller,* 75 Mich., 323; *Bowen* v. *Mandeville,* 95 N. Y. 237; *Crockett* v. *Burleson,* 60 W. Va. 252; *Silty* v. *Springer,* 236 Ill. 276; *Talcott* v. *Friend,* 228 U. S. 27, 43 L. R. A. (N. S.) 648 and note; Benjamin on Sales (4th Am. ed.) 497, note; Smith on Fraud, § 240; *Oben* v. *Adams,* 89 Vt. 158; *Gould* v. *Bank,* 99 N. Y. 333; *Sills Stove Works* v. *Brown,* 71 Vt. 478; *Shanks* v. *Whitney,* 66 Vt. 405; *Paddock* v. *Fletcher,* 42 Vt. 389; *Childs* v. *Merrill,* 63 Vt. 463; *Chamberlin* v. *Fuller,* 59 Vt. 247.

HASELTON, J. This is an action on the case for fraud and deceit. It has once been here for the consideration of a plea in abatement which was held bad. 90 Vt. 284, 98 Atl. 80. The declaration is in four counts, two original, and two amended. The defendant when the case was remanded demurred to each count for causes assigned. The demurrer was overruled by the

court below, the defendant excepted, and the case was passed to this Court before trial on the merits.

The case stated in each count is, with some variations, in brief, this: The defendant knowingly made material and detailed misrepresentations, particularly set out, as to existing facts affecting the financial condition and ability of a firm of which he was a member, and thereby induced the plaintiffs, who relied upon the representations and believed them to be true, to become sureties upon notes of the defendant's firm which the sureties were obliged to pay.

One ground of the demurrer is that the misrepresentations were not actionable. But as their character was as above stated they were actionable as has been frequently decided. *Darling* v. *Stuart,* 63 Vt. 570, 22 Atl. 634; *Childs* v. *Merrill,* 63 Vt. 463, 22 Atl. 626, 14 L. R. A. 264; *Johnson* v. *Cate,* 75 Vt. 100, 53 Atl. 329; *Corey* v. *Boynton,* 82 Vt. 257, 72 Atl. 987; *Belka* v. *Allen,* 82 Vt. 457, 465, 74 Atl. 91; *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912 A, 399; *Adams* v. *Ladeau,* 84 Vt. 460, 79 Atl. 996; *Howton* v. *Strout Farm Agency,* 90 Vt. 50, 96 Atl. 330. In *Fisher* v. *Brown,* 1 Tyler 387, 4 Am. Dec. 726, and in *Dyer* v. *Tilton,* 23 Vt. 313, it is held broadly that an action on the case will not lie for misrepresentations as to one's own existing financial circumstances. The cases have been criticized and departed from. See *Childs* v. *Merrill,* 63 Vt. 463, 471, 472, 473, 474, 22 Atl. 626, 14 L. R. A. 264, and upon the point above noted are now expressly overruled.

The plaintiffs' loss through the fraud of the defendant was according to the declaration somewhat reduced by what the plaintiffs realized from chattel mortgage security taken by them. The defendant claims that the plaintiffs could not realize on the chattel mortgage without waiving the fraud. That if they wished to rely upon the fraud they should have returned the chattel mortgage security, that by realizing on the chattel mortgage they elected not to rescind. But it was not necessary to this action that they should attempt to rescind, for there could be no rescission, since both parties could not be restored to their former condition, and it was not necessary that the defrauded plaintiffs should return what security they had in order to enable them to sue in this action to recover from the wrongdoer such damages as they had suffered from his fraud after realizing all they could from such security as they held. *Oben* v. *Adams,* 89

Vt. 159, 94 Atl. 506; *Priest* v. *Foster*, 69 Vt. 417, 421, 38 Atl. 78; *Merchants' National Bank* v. *Taylor*, 66 Vt. 574, 29 Atl. 1012; *Childs* v. *Merrill*, 63 Vt. 463, 468, 22 Atl. 626, 14 L. R. A. 264; *Mallory* v. *Leach*, 35 Vt. 156, 82 Am. Dec. 625.

The questions raised by the demurrer have not been taken up in their various subdivisions, but all claims raised have been sufficiently considered.

*The judgment overruling the demurrer is affirmed, the counts of the declaration are adjudged sufficient and the cause is remanded for trial upon its merits.*