HORACE EWINS *vs.* ISAAC CALHOUN.

FRANKLIN,
January,
1835.

Number fifteen, section first, of the act regulating judicial proceedings, is a general enact-
ment, comprehending all cases where there has been bail put in before the action is en-
tered, either by endorsing the writ, or entering bail for an appeal.

Parol evidence is admissible to sustain an action for falsely and fraudulently representing
a person of sufficient ability to pay a certain amount.

This was an action on the case, and the plaintiff declares, that on
"the 14th day of February, A. D. 1832, at Berkshire, a discourse
was had between the plaintiff and one Samuel Calhoun, jr. and the
defendant, of and concerning the plaintiff's selling to the said Sam-
uel Calhoun, Jr. a certain stud horse, of which the plaintiff was
then possessed, of the value of two hundred dollars, and of and
concerning the said Samuel's purchasing the said horse, and giving
his promissory note for seventy dollars, in part payment for the
same, payable in the month of October then next.   And the plain-
tiff not knowing the circumstances of the said Samuel, and whether
he was of ability to pay the said sum, declined and refused to trust
the said Samuel with said horse, or to take his promissory note
therefor, unless he could be assured of the said Samuel's ability to
pay said sum.   And the defendant, then and there, well knowing
that the said Samuel was not of sufficient ability to pay said sum,
and was wholly insolvent, and well knowing that the said Samuel
never intended to pay said sum, but to cheat him out of it, then
and there falsely and fraudulently affirmed to the plaintiff that the
said Samuel was a person of interest, and of sufficient ability to
pay the said sum, and that the plaintiff need not be afraid to give
him credit, or to take his promissory note, payable as aforesaid.
And the plaintiff says, that, believing and trusting in the said false
information of the defendant, he did then and there give part credit
to the said Samuel for said horse, to the amount of seventy dollars,
and took his promissory note of that date for the payment of the
same in the month of October, 1832.   And the plaintiff says, that
the said Samuel was then wholly insolvent, which the defendant
well knew, and that he has never since been able to find the said
Samuel, who absconded and left the country immediately after the
purchase of said horse, and has not since returned, and that he has
wholly lost said sum, due by said note."

Plea, general issue.

On motion of the plaintiff, the court ordered the defendant to
furnish additional bail; to which decision the defendant excepted.

On trial, the plaintiff offered to prove the representation, that
Samuel Calhoun, jr. was good and trustworthy, alleged to have

FRANKLIN,
January,
1835.

Ewins
vs.
Calhoun.

been made by the defendant, by parol.  To the admission of this evidence the defendant objected, but the objection was overruled and the evidence admitted.  The defendant insisted that the facts alleged by plaintiff in his declaration did not entitle him to a verdict against defendant, and requested the court to charge the jury to that effect.  But the court instructed the jury, in substance, that the plaintiff, on proof of the allegations in his declaration, would be entitled to recover.

To the aforesaid decision and instruction the defendant excepted. The defendant also moved an arrest of judgment for the insufficiency of the declaration, which was overruled by the court; to which the defendant also excepted.

Exceptions were allowed and certified.

*S. and A. Brown for defendant.*—The order of the county court in this case, requiring the defendant to furnish additional bail, was erroneous and oppressive; and for this he ought to have a new trial.—Stat. 71, 97, 125.

2.  The declaration and the facts in the case do not authorize the court to render judgment for the plaintiff.  [The counsel here cited 3 T. R. 51, which was decided in 1789—*Eyer et al.* vs. *Dunsford*, 1 East. 318, decided in 1801—*Haycroft* vs. *Creasy*, 2 East. 91, decided also in 1801.]

An action on the alleged grounds of the declaration is an invention of modern times to elude the operation of the statute of frauds. It had the sanction of high judicial authority for a short period, but it has been finally adjudged otherwise, and an act of Parliament has at length settled it against such action.—*Tap et al.* vs. *Lee*, 3 B. and P. 367, decided in 1803.  Wilk. on Lim. 121–63, and authorities there referred to.

*Hunt and Beardsley contra.*—Two principal questions are raised by the exceptions:

1.  Whether the court properly admitted *parol* evidence to prove the representations made by the defendant of Samuel Calhoun, jr.'s solvency or trustworthiness.

2.  Whether the court erred in their directions to the jury.

The first question is not new.  It has been thoroughly examined in England and in this country, particularly in New-York; (*Upton* vs. ——, 6 John. 181;) and so far as our investigation of authorities has gone, they uniformly come to the same conclusion.  The *statute of frauds*, in causes of this description, has no application.

FRANKLIN
January,
1835.

Ewins
vs.
Calhoun.

The next question is, whether the court erred in in their instructions to the jury. This part of the question naturally divides itself into two general subjects of inquiry—

1. Whether an action of this description can be sustained at all.

2. Whether, if sustainable, does the declaration contain sufficient allegations to entitle the plaintiff to recover.

That this action is well founded results not only from the plainest principles of common justice, but is established by a series of adjudications.—*Pasley* vs. *Freeman*, 3 T. R. 51. *Eyer et al.* vs. *Dunsford*, 1 East. 318. *Haycroft* vs. *Creasy*, 2 East. 92. *Upton* vs. *Veil*, 6 John. 181. *Bean* vs. *Bean*, 12 Mass. Rep. 20. *Patten et al.* vs. ———— 17 Mass. 182.

The foundation of the action is, fraud and deceit in the defendant, and damage to the plaintiff; and when these two concur, the action will lie.

The main question in these cases is, whether the representation was made in good faith, and with a belief of the truth of it ; and if the jury, to whom the question is properly submitted, find them in the *negative*, fraud, which is the gist of the action as a matter of law, at once results, and determines the plaintiff's right of recovery ; and this the jury have found by their verdict.

. The next inquiry is, whether the present declaration contains the necessary averments. It is sufficient, we apprehend, substantially to allege that the representation was made *mala fide*—that it was false, that the defendant knew it to be false, and that, relying upon the representation, the plaintiff sustained damage. All these allegations are contained in the present declaration.

The opinion of the court was delivered by

MATTOCKS, J.—The exceptions present several questions, which will be disposed of in their order.

1. That the county court, on motion of the plaintiff, ordered the plaintiff to furnish additional bail. The act regulating judicial proceedings, section 45, p. 71, requires the plaintiff, in writs of attachment, to give security by way of recognizance to the opposite party for costs, and provides that, pending any suit, on the suggestion of the defendant that the surety or recognizance is insufficient, the court may order further bail. This act gave the courts no authority to order the defendant to put in bail; but an additional act, number 15, p. 97, section 1st, after mitigating the liability of the sheriff as to bail, in certain cases, says, " and if the plaintiff shall, pending any suit, suggest to the court that the surety

11

FRANKLIN,
January,
1835.

Ewins
vs.
Calhoun.

or sureties are insufficient to respond the judgment that may be recovered in said action, the court may, in their discretion, order bail to be put in sufficient for the purposes aforesaid, by such time as they shall direct, or *otherwise order judgment as by default.*" This clause, although inserted in the same section which speaks of sheriff's bail, is a distinct and general enactment, and comprehends all cases where there has been bail put in before the action has been entered, either by endorsing the writ, or entering bail for an appeal from a justice ; and so it has been construed, and bail ordered in such cases at discretion.  This decides this objection, without stopping to inquire whether, if it were otherwise, we could reverse the judgment for this irregularity, especially after the order has been complied with, and the cause proceeded to trial.

2.  It has been urged, that no action of this sort should be sustained, that the attempt is a modern innovation upon the common law, and in fraud of the very statute of frauds, and has lately been abolished by act of parliament.  In the case of *Pasley* vs. *Freeman*, 3 T. R. 51, which was very like this case, the court sustained the action.  Gross, J., having led with an opinion for the defendant, the other judges gave full and separate opinions the other way, which, especially as they contain some very good discourse upon the interesting subject of lying, are well worth the further perusal of the bar.  To the objection there taken, that the action was new, Ashurst, J., said it was not new in the principle, but only in the instance ; and to the objection, that to support the action of *deceit* not only one party must lose but the other make, he says it is the more diabolical to lie without the temptation of gain, and the gist is the injury done to the plaintiff; and he thought that one great reason why actions had not before been brought against those not interested in the fraud was, that others would not be likely to be concerned in such practice ; and it may be added, if they were interested, it would in most cases be impossible to prove it.  That case was, we think, decided upon the soundest principles of justice and common honesty, and having been followed by other cases in England and the neighboring states, as appears by the cases cited by the plaintiff's counsel, we adopt it as the law of this land, and for the reasons I refer to the case in the Term Reports.  They being nearly the last set of the English Reports that contain any great body of the law, are in almost every office.  If this action has been destroyed by an act of Parliament, it only shows, that although it was not of ancient growth, it was so firmly rooted that it required that powerful engine to uplift it.  If, as stated by coun-

sel, (for I have not seen the act,) it requires the fraudulent repre- sentations to be in writing, it is singular, and it would seem must be intended to prevent any redress in those cases. That the evidence of contracts which require mutual consent should be required to be in writing, or have any other prescribed formalities, is practicable at least, and may be useful. But that the proof of facts which constitute fraud or crime should be so privileged, would exempt most offenders. To undertake to prevent fraud by supposing all verbal communications false, would destroy all confidence in business and in society. Great practices of perjury may have required this act in England, but merely the fear of it here should not prevent us from acting upon the great principle upon which the action is founded, unless our legislature also interfere. But the theory of the requirement of the act, unless it was intended to expunge all remedy in such cases, is as singular as to require swindling or *crim. con.* to be proved by a memorandum in writing.

The last question is, the motion in arrest for the insufficiency of the declaration. This is little else than the same question in another form, whether this action can be sustained, as the declaration certainly contains all the essential facts and averments of that in 3 T. R., which was holden good, and no technical defects have been named or seen that would have made it defective even before verdict.

Judgment of county court affirmed.