HENRY C. BAUGHMAN et al.

v.

CAMDEN MANUFACTURING COMPANY.

[Filed December 5th, 1903.]

1. Where an endorsement on fire policies by the insured is a mere appointment of a third person to receive a portion of the money in case of loss, the receiver of the insured, notwithstanding the endorsement, is entitled to recover the entire amount under the policies.

2. Where fire policies are pledged by the insured, and bear an endorsement appointing the pledgee to receive a portion of the money in case of a loss, the pledgee is entitled to receive such moneys, notwithstanding that he has no insurable interest in the property.

This is an appeal from a decision of a receiver overruling the claim of the Pittsburg Plate Glass Company to be paid a balance due it from the insolvent Camden Manufacturing Company out of the proceeds received on fire policies by the receiver.

*Mr. Lewis Starr*, for the receiver.

*Mr. Frank T. Lloyd* and *Mr. John G. Horner*, for the claimants.

REED, V. C.

The question is, what interest has the Pittsburg Plate Glass Company in the moneys received by the receiver?

No doubt the right of action to recover the entire amount of insurance was in the receiver as it would have been in the Camden Manufacturing Company had it remained solvent. *Martin v. Franklin Fire Insurance Co., 9 Vr. 140.* So long as the insured retained his interest in the property he could recover the full amount. The Pittsburg Plate Glass Company, under the

endorsements upon the policies, could recover nothing. The contract was between the insurance company and the manufacturing company. The endorsements upon the policies did not constitute an assignment but a mere appointment of the plate glass company to receive a portion of the money. This doctrine is clearly set out in the *Martin Case.*

Now, if the right to recover from the insurance company rested with the insured alone, he alone need have an insurable interest.

The question respecting the right of a third person to receive a part of the proceeds arises solely between that third person and the insured. Such third person, as pointed out by Judge Depue in the *Martin Case,* can have his equitable rights secured by ·having the money recovered by the insured paid into court, and then the court can, under its equitable power, see to the disposition of the money. It is true, nothing was said in the *Martin Case* respecting the need of an interest in the appointee, for in that case the appointee was a mortgagee; but the whole argument contained in the opinion refutes·the notion that such an interest is essential to the existence of an equitable right in the appointee. Interest is not necessary in the appointee upon directions to pay to a third person. *13 Am. & Eng. Encycl. L. (2d ed.) 193, 211.*

Again, the policies were actually delivered in pledge to the Pittsburg Plate Glass Company. *Jones Pledg.* § *147; Stout v. Yaeger Milling Co., 13 Fed. Rep. 802.*

Again, the whole transaction constituted an equitable assignment of all or part of the money to be received from the policies, and an equitable assignee need have no interest. *13 Am. & Eng. Encycl. L. (2d ed.), supra.*