A. HOWTON ET AL. *v.* E. A. STROUT FARM AGENCY ET AL.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Motion to Set Aside Verdict—Discretion of Court—Review—*
*Fraud in Sale of Farm—Defence—Value of Land—Mode*
*of Proof—Witnesses—Responsiveness of Answers.*

A motion to set aside a verdict as against the evidence and against the weight of the evidence is addressed to the discretion of the trial court, and its disposition thereof is not reviewable.

In an action for deceit in the sale of a farm, it was proper to prove the damage by testimony of some witnesses as to the value of the farm as it actually was and of others as to its value if it had been as represented, it not being necessary that each witness should testify as to the difference in value.

On the issue as to the value of a farm, testimony as to the value of personalty thereon, which was a part of the process of getting at the value of the farm itself, was admissible.

In an action for deceit in the sale of a farm by misrepresenting the number of bearing apple trees thereon, error does not appear in the admission of testimony that of the apple trees 50 to 60 were grafted fruit and the rest cider fruit, for that showed the familiarity of the witness with the subject-matter.

In an action for deceit in the sale of a farm by misrepresenting the number of bearing apple trees thereon, the answer of a witness. asked to state the general condition of the trees, to the effect that the trees, as they were and as he had known them for 10 or 12 years, were not in a bearing condition, adding that they were covered with sprouts and dead limbs, and that he did not think they had been trimmed in 10 years, was largely responsive, and so an exception to the refusal to strike out the whole answer as not responsive, after the witness's addenda had been stricken out, is unavailing.

In an action by the buyers of a farm for damages caused by the misrepresentations of the agency that sold it as to the amount of timber and fruit trees thereon, where the deed correctly referred to the farm as 65 acres, "be the same more or less," that part of the description in the deed did not preclude plaintiffs from recovering their damages caused by the falsity of the representations as to matters other than the acreage.

CASE for deceit in the sale of a farm. Plea, the general issue. Trial by jury at the September Term, 1914, Windham County, *Waterman,* J., presiding. Verdict and judgment for the plaintiffs. The defendants excepted. The opinion states the case.

*A. F. Schwenk, Stickney, Sargent & Skeels* and *Ernest E. Morse* for the defendants.

*Barber & Barber* for the plaintiffs.

HASELTON, J. This action is for fraud and deceit in the sale of real estate. Verdict and judgment were against the defendant Farm Agency for $550. Exceptions were taken.

The evidence in behalf of the plaintiffs tended to show that prior to May 24, 1913, they lived in Canada; that they saw in a catalogue of the defendant agency an advertisement offering for sale a farm in Vermont; that upon reading the advertisement they determined to purchase the farm, sold out their real and personal holdings in Canada and came to Brattleboro, where the advertisement bore date, and thereafter purchased the farm in question. The plaintiffs were father and son.

At the close of the evidence the defendant agency moved for the direction of a verdict in its favor. The motion was overruled and the defendant excepted. The advertisement represented that there were on the farm "about 500 apple trees in fine bearing condition." The plaintiffs' evidence tended to show that there were less than 100 such trees on the farm. The advertisement represented that there was "plenty of wood and 100,000 feet of timber on the farm." The plaintiffs' evidence tended to show that there were only from 8,000 to 10,000 feet of timber on the farm. Here, on the evidence of the plaintiffs, were very material misrepresentations as to existing facts, and the representations appear to have been put forth, either with knowledge of their falsity, or recklessly and without knowledge.

There was in the advertisement a gross misrepresentation as to acreage, but as the case was developed we lay little stress on that.

The evidence of the plaintiffs tended to show that the representations were fraudulent and that they relied on them. *Wheeler* v. *Wheelock,* 34 Vt. 553; *Cabot* v. *Christie,* 42 Vt. 121, 1 Am. Rep. 313; *Darling* v. *Stuart,* 63 Vt. 570, 22 Atl. 634; *Johnson* v. *Cate,* 75 Vt. 100, 53 Atl. 329; *Corey* v. *Boynton,* 82 Vt. 257, 72 Atl. 987; *Adams* v. *Ladeau,* 87 Vt. 460, 79 Atl. 996; *Manley* v. *Johnson,* 85 Vt. 262, 265, 81 Atl. 919; *Childs* v. *Merrill,* 63 Vt. 463, 22 Atl. 626, 14 L. R. A. 264; *Rowley* v. *Shepardson,* 83 Vt. 167, 171, 74 Atl. 1002, 138 Am. St. Rep. 1078; *Crompton* v. *Beede,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912 A, 399.

But the defendant argues that the plaintiffs did not use ordinary vigilance to ascertain whether or not the representations were true, that they could readily have ascertained the facts, and that the rule, *caveat emptor,* applies. But there was evidence tending to show that the plaintiffs were thrown off their guard by the doings and sayings of the local agent of the Strout Agency, and it was for the jury to say on the evidence whether or not the plaintiffs acted with due caution.

After verdict and before judgment the defendant, the Strout Agency, moved the court to set aside the verdict of the jury against it on the ground that the verdict was "against the evidence" and against "the weight of evidence," expressions which mean the same thing. The motion was overruled, and an exception taken. But the matter was within the discretion of

the trial court, and there is nothing here for us to review. *Stearn* v. *Clifford*, 62 Vt. 92, 18 Atl. 1045; *Coolidge* v. *Ayers*, 77 Vt. 448, 61 Atl. 40; *Marcy* v. *Parker*, 78 Vt. 73, 62 Atl. 19; *Lincoln* v. *C. V. Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998; *Lathrop* v. *Levarn*, 83 Vt. 1, 74 Atl. 331.

The plaintiffs' evidence tended to show that the farm was worth from $400 to $500 and that had the farm been as represented it would have been worth from $1,200 to $2,000.

Several witnesses living in the neighborhood of the farm and familiar, as they said, with real estate values in the vicinity, testified as to the value of the farm. Some, as to its value as it actually was, some, as to its value if it had been as represented; and some testified in both particulars. Some objections were made and exceptions taken during this testimony. This testimony tended to show the differences in the value of the farm, as it would have been if it had been as represented, and as it actually was. This was a proper way of getting at the damages. *Belka* v. *Allen*, 82 Vt. 456, 74 Atl. 91; *Shanks* v. *Whitney*, 66 Vt. 405, 29 Atl. 367; *Bowman* v. *Parker*, 40 Vt. 410; *Brown* v. *Sawyer*, 1 Aik. 130.

It is claimed that each witness should have testified to the difference in value, but that was not necessary. There was no error in the method of getting at the difference.

One witness for the plaintiffs was asked to describe the pasture on the farm, but objection being made, he was confined by counsel and the court to the matter of the timber growing there, and his answer related to that only. Though an exception was taken to the question as originally framed, the testimony elicited was admissible, and no error intervened.

A small amount of personal property went with the farm, and under objection and exception, the plaintiffs introduced evidence as to the value of that. There was no error here, for the testimony well enough appears to have been part of a process of getting at the value of the farm itself. The transcript is not referred to, and, in its absence, we take this to have been so.

One of the plaintiffs testified that, of the apple trees on the place, 50 to 60 were "grafted fruit" and that the rest were "cider fruit." This testimony tended to show the familiarity of the witness with the subject-matter of the apple trees, and though the evidence was taken under objection for immateriality and irrelevancy, no error appears.

One witness was asked to state the general condition of the trees and answered to the effect that the apple trees as they were, and as he had known them for 10 or 12 years, were not in a bearing condition. He added that they were covered with sprouts and dead limbs, that he wouldn't think the trees had been trimmed in ten years. The portion of the answer about the limbs and trimming was objected to as not responsive, and was treated as stricken out, whereupon the defendant objected because the court would not strike out the entire answer as not responsive, and was allowed an exception to the refusal of the court to direct the entire answer to be stricken out. But the answer was in large part responsive, and the exception is of no avail. We hardly think that the defendant's brief can be construed as claiming anything for this exception.

The farm was bargained for May 25, but the deed thereof was not taken until June 6 following. The deed in a part of the descriptive portion correctly referred to the farm as 65 acres ''be the same more or less.'' It has been argued that because of this part of the description in the deed the plaintiffs are precluded from recovering. But the claim ignores the misrepresentations in respect to other matters than that of acreage.

As to the testimony, no objections were made and exceptions taken which were sufficiently specific to raise the question that there was no misrepresentation in respect to acreage, in consequence of the language above quoted from the deed.

The Strout Farm Agency acted as the agent of one McLane. The Agency wrote a rather insolent letter to one of the plaintiffs ridiculing the idea that an agent could be liable for misrepresentations, and conveying the supposed information that the plaintiffs were looking to the wrong party, that if any one was liable it was McLane. However, counsel do not make any such claim, and no such claim is made in the case.

*Judgment affirmed.*