VALERIA B. FRENCH *v.* PERLEY E. WHELDON.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 20, 1916.

*Motion to Set Aside Verdict—When Ruling Reviewable— "Against the Evidence" and "Against the Weight of the Evidence"—Motion Addressed to Discretion of Court— Verdict Contrary to Charge and Unsupported by Evidence.*

A motion to set aside a verdict as against the weight of the evidence is addressed to the discretion of the trial court, and, where there is nothing to show that such discretion has been withheld or abused, the Supreme Court will not review the action of the court below.

The words "against the evidence" and "against the weight of the evidence," employed in stating the grounds of a motion to set aside a verdict, are expressions meaning the same thing.

Where there is some evidence tending to support or justify the verdict it is the province of the jury to construe it and determine its weight, and in such case the Supreme Court, on review, will not disturb the action of the trial court in overruling a motion to set the verdict aside, except for abuse of discretion; but where it is clear that in arriving at their verdict the jury disregarded either the testimony or the charge of the court, it is the duty of the trial court to set the verdict aside on proper motion.

When all the evidence is before the Supreme Court on an exception to the action of the trial court in denying a motion to set aside a verdict on the ground that such verdict is contrary to instructions or wholly unsupported by the evidence, the rule as to discretion does not apply and the question is reviewable.

As the record here shows unmistakably that the verdict was contrary to the charge and wholly unsupported by the evidence, inasmuch as the plaintiff was thereby allowed to recover for the sale of more wood than she was entitled to under her contract with the defendant, and as on the most favorable view of the evidence there was nothing to support the allowance made in the verdict of the price per cord of a part of the wood, it was the duty of the trial court to sustain defendant's motion to set aside, unless the plaintiff remitted the excess above the amount which she was entitled to recover under the charge and upon the evidence.

ASSUMPSIT. Plea, the general issue. Trial by jury at the June Term, 1915, Windsor County, *Fish*, J., presiding. Verdict and judgment for plaintiff. Defendant excepted. The opinion states the case.

*Julius A. Willcox* for the defendant.

Courts of appellate jurisdiction will revise the action of the trial court in denying a motion to set aside the verdict where, upon an examination of the evidence, it clearly appears that the jury were mistaken. *Wheatley* v. *Waldo*, 36 Vt. 237; *Tufts* v. *Chester*, 62 Vt. 352; *German* v. *Bennington & Rutland R. Co.*, 71 Vt. 70; *Needham* v. *B. & M. R. R. Co.*, 82 Vt. 518.

There is error in the verdict where it appears that the same is contrary to the admission of the successful party on trial. *Jones* v. *Farmer*, 84 Ga. 296; *Roth* v. *Smith*, 41 Ill. 314; *Stanton* v. *Dudley*, 64 Ill. 325; *Shafer* v. *McGee*, 52 Ind. 111; *Curtis* v. *Driggs*, 25 Mo. App. 175; *Allen* v. *Brown*, 11 Tex. 520; *Preston* v. *Otey*, 88 Va. 491.

So, too, where material· facts are disregarded the verdict will be set aside. *Caldwell* v. *Willey*, 16 Col. 169; *Lamar Milling Co.* v. *Craddock*, 5 Colo. App. 203, 37 Pac. 950; *Doyle* v. *Albany R. Co.*, 32 N. Y. App. Div. 87.

Where the verdict is manifestly against the evidence, it will be set aside. *Miller* v. *Ratliff*, 14 Ark. 419; *Wood* v. *Kinney* (Idaho), 63 Pac. 596; *Keaggy* v. *Hite*, 12 Ill. 99; *Jourdan* v. *Reed*, 1 Iowa 135; *Atchison, etc., R. R. Co.* v. *Wagner*, 33' Kan. 660, 7 Pac. 204; *Challis* v. *Woodburn*, 2 Kan. App. 652, 43 Pac. 792; *Halfrich* v. *Ogden City R. Co.*, 7 Utah 186, 26 Pac. 295; *Black* v. *Thomas*, 21 W. Va. 709.

A verdict, which, under the evidence is contrary to the law, will be set aside. *Speck* v. *Hoyt*, 3 Cal. 413; *Monroe Female Univ.* v. *Broadfield*, 30 Ga. 1; *Chambers* v. *Collier*, 4 Ga. 193; *Wilkie* v. *Roosevelt*, 3 Johns. Cas. 206, 2 Am. Dec. 149; *Markley* v. *Amos*, 2 Bailey (S. C.) 603; *Payne* v. *Trexevant*, 2 Bay (S. C.) 23; *Hall* v. *Downs*, Brayt. 168; *Robinson Mach. Co.* v. *Chandler*, 56 Ind. 575; *Gale* v. *Wells*, 12 Barb. 84.

So will the verdict be set aside, where, under the evidence it is contrary to the instruction given by the Court, *Emerson* v. *Santa Clara County*, 40 Cal. 543; *State* v. *Layton*, 3 Harr. (Del.) 469; *Higgins* v. *Lee*, 16 Ill. 495; *Bushnell* v. *Chicago, etc., R. Co.,* 69 Iowa 620, 29 N. W. 753; *Paterson* v. *Patrick,* 126 Mass. 395; *Cunningham* v. *Magoun*, 18 Pick. 13; *Bryant* v. *Commonwealth*, 13 Pick. 543; *Lehr.* v. *Brodbeck*, 192 Pa. St. 535; *Battin* v. *Marshalltown*, 77 N. W. 493 (Iowa 1898).

*Sanford E. Emery* for the plaintiff.

The jury is the sole judge of the facts, and as to what evidence is sufficient to sustain the existence or non-existence of any alleged fact and the weight to be given to it, *Andrews* v. *Moretown*, 45 Vt. 1; *State* v. *Smith*, 72 Vt. 366; *Brownell* v. *T. & B. R. Co.,* 55 Vt. 218; *Cheney* v. *Pierce*, 38 Vt. 515.

An assessment of damages based upon any rational view of the evidence will stand. *Weeks* v. *Barron,* 38 Vt. 420.

TAYLOR, J. This is an action of general assumpsit brought to the county court on defendant's appeal. Plaintiff seeks to recover a balance claimed to be due on a contract for pulp wood delivered to defendant in 1910. Defendant filed a declaration in off-set and there was a trial by jury with a verdict for plaintiff for $97.62. After verdict and before judgment defendant moved to set aside the verdict on the grounds that it was (1) against the weight of evidence, (2) contrary to the evidence, and (3) contrary to the court's instructions. The motion was overruled and defendant excepted. The transcript of the testimony and the court's charge is referred to and made controlling for all purposes of the exception.

The only litigated questions related to the quantity of wood and the price per cord delivered on board the cars at Proctorsville. By the uncontradicted evidence the quantity of wood was to be determined by the measure at the mills to which defendant should sell the wood. The court instructed the jury that the contract fixed the mill measure as the standard for determining the quantity. Plaintiff offered no evidence of the measure allowed the defendant at the mills, and her evidence tended to show that she was unable to get the mill returns from the defendant. She was permitted to show the number of cords of wood delivered to defendant according to her own measure. Defendant's evidence tended to show the mill measure and that it was somewhat less than that claimed by the plaintiff. He introduced in evidence the original mill returns showing in detail the quantity of wood in each car loaded by plaintiff and testified that he gave plaintiff's agent a statement of the quantity and showed him the returns. As the evidence stood there was no dispute regarding the quantity of wood for which plaintiff should be paid. The contract fixed the mill measure as the basis of payment and plaintiff had the burden of establishing the quantity by that standard.

There was a conflict in the testimony as to the contract price per cord for the different kinds of wood. Defendant's evidence tended to show that the agreed price was $7.00 per cord for peeled spruce and $5.50 per cord for peeled poplar and unpeeled or rough spruce, except that as to the last car load

of rough spruce the price was increased to $5.75 per cord in order to insure delivery. Plaintiff's evidence tended to show that the agreed price for rough spruce was $6.00 per cord and for peeled poplar $5.75 per cord. As to the peeled spruce, plaintiff's agent, who was the only witness for plaintiff on the subject, testified in one answer that defendant said he would give $7.00 per cord and in another that he was to give $7.00 per cord for the spruce (referring to peeled spruce). He testified further that he (witness) said it wasn't enough, to which defendant replied: "That is about all I can afford to pay, but if any of the mills allow me more I will pay you more for the peeled spruce;" that he saw another wood buyer who said he would give more; that he showed defendant a letter from this man; and that after reading the letter defendant said: "I can pay as much as anybody." The letter was not produced and that was all the evidence in the case relating to the matter. In her specification plaintiff charged for the number of cords shown by her measurement and for the peeled spruce at $7.50 per cord. The verdict was for the entire amount claimed by plaintiff.

Defendant does not contend that this Court can review the action of the trial court on the first ground of the motion. He recognizes the well established rule that a motion to set aside a verdict as against the weight of the evidence is addressed to the discretion of the trial court and that, when there is nothing to show that such discretion has been withheld or abused, this Court will not review the action of the court below. His claim is that the rule does not apply where it is made to appear that the verdict is contrary to the evidence and the court's instructions.

We have held repeatedly that the words, "against the evidence," and the words, "against the weight of evidence," employed in stating grounds of a motion to set aside a verdict, are expressions meaning the same thing. *Lincoln* v. *C. V. Ry. Co.,* 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998; *Woodsville Guar. Sav. Bk.* v. *Rogers,* 86 Vt. 121, 83 Atl. 537; *Howton* v. *The Strout Farm Agency,* 90 Vt. 50, 96 Atl. 330; *Manley Bros.* v. *B. & M. R. Co.,* 90 Vt. 218, 97 Atl. 674; *Bagley* v. *Cooper,* 90 Vt. 576, 99 Atl. 230. But there is a distinction between a motion to set aside a verdict as against the evidence and a motion to set it aside because there is no evidence to support

it. See *Woodsville Guar. Sav. Bk.* v. *Rogers,* 86 Vt. 121, 126, 83 Atl. 537. Where there is some evidence tending to support or justify the verdict it is the province of the jury to construe it and determine its weight; and in such case this Court, on review, will not disturb the action of the trial court in overruling a motion to set the verdict aside, except for abuse of discretion. *Rainey* v. *Gr. Tr. Ry. Co.,* 84 Vt. 521, 80 Atl. 723. But where it is clear that in arriving at their verdict the jury disregarded either the testimony or the charge of the court, it is the duty of the trial court to set the verdict aside on proper motion. *Barrette* v. *Carr,* 75 Vt. 425, 56 Atl. 93. Plaintiff does not question the sufficiency of the motion to raise the question argued and we treat it, as the parties have done, as though the usual ground read ''without any supporting evidence.''

When all the evidence is before this Court on an exception to the action of the trial court in denying such a motion based on the ground that the verdict is contrary to instructions or wholly unsupported by the evidence, the rule as to discretion does not apply and the question is reviewable. If it is clear from the record that the verdict is contrary to the instructions, or that there is no evidence to support it, the action of the trial court cannot be sustained. The record before us shows unmistakably that the verdict was contrary to the charge and wholly unsupported by the evidence. Plaintiff recovered for several cords of wood more than she was entitled to under the contract and on the most favorable view of the evidence there was nothing to support the allowance of $7.50 per cord for the peeled spruce. While there was evidence tending to support an implied agreement to pay more than $7.00 per cord, there was nothing to show how much should be allowed in excess of that sum,—neither what plaintiff was offered elsewhere nor what other buyers were paying. The evidence left the jury to speculate as to that matter with no sufficient basis for finding an agreement to pay any particular sum in excess of $7.00 per cord. The most that plaintiff was entitled to recover under the charge and upon the evidence was $28.96 with interest for four years and five months, aggregating $36.63. In the circumstances it was the duty of the trial court to sustain defendant's motion, unless plaintiff remitted the excess of that sum; and the denial of the motion was reversible error.

The result is that unless plaintiff elects to file in this Court a remittitur in the sum of $60.99 before final adjournment the judgment is to be reversed and the cause remanded for a new trial. The defendant may recover his costs in this Court.

Plaintiff not having elected to file a remittitur within the time limited, the entry is

*Judgment reversed and cause remanded.*