## D. H. McDONALD v. FREDERICK McNEIL.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 16, 1918.

*Fraud—Intent to Deceive—Liability—Deceit in Sale or Exchange of Property—Measure of Damages—Trial—Motion for Verdict—Witnesses—Contradictory Statements—Jury Questions—"Falsely and Fraudulently"—Motion to Set Aside Verdict—Discretion of Court.*

In an action for deceit, an actual motive to do injury to plaintiff is not essential, but if a false representation is made with knowledge of its falsity, the intent to deceive is presumed.

Liability for deceit grows out of the fact that plaintiff has been misled to his prejudice, and not that defendant has profited by his wrong, and so it is not necessary to show that defendant acted from motive of personal advantage, and the fact that he actually gained nothing by the deception, but lost as much as the plaintiff, does not prevent a recovery.

In an action for deceit in the sale or exchange of real or personal property, the damages are to be measured by the difference between the property as it is and as it would be if as represented; and this rule is applicable where defendant by misrepresentations induced plaintiff to furnish the money to buy certain land, take the title jointly with defendant, and give the latter credit for his half of the investment.

In an action in tort for deceit, there being evidence tending to show fraud and misrepresentation on the part of defendant, the latter's motion for a directed verdict was properly overruled.

Where a party, in his evidence, makes contradictory statements, it is for the jury to say which of such statements they will accept.

Where a complaint in deceit alleges that the alleged misrepresentations were falsely and fraudulently made, no express averment of an intention to deceive is necessary, because the terms "falsely and fraudulently", when applied to misrepresentation inducing one to act to his injury, necessarily imply a deliberate intent to deceive.

A motion to set aside a verdict is addressed to the discretion of the trial court, and where that discretion is neither withheld nor abused, its ruling thereon will not be revised.

ACTION of tort for deceit. Plea, the general issue. Trial by jury at the March Term, 1916, Washington County, *Butler*, J., presiding. Verdict for plaintiff. Defendant excepted.

At the close of all the evidence, defendant moved for a directed verdict, the ground of which motion is stated in the opinion. Motion overruled, defendant excepted. The case is stated in the opinion.

*Fred L. Laird* for defendant.

*John W. Gordon* for plaintiff.

POWERS, J. This is a tort action for false representations whereby the plaintiff was induced to purchase a certain piece of real estate. There was evidence tending to show that the defendant, who owned a piece of land on the shore of Cold Stream Lake, in Penobscot County, Maine, by falsely and fraudulently representing to the plaintiff that a ninety acre lot contiguous to the one above mentioned had growing upon it eight hundred large hemlock trees, one hundred and fifty-three large pine trees, a certain large number of cords of bobbin-stock white-birch, and other valuable wood and timber, and that there were twenty-five valuable cottage lots on that part of the lot bordering on the lake, induced the plaintiff to furnish the money and buy said ninety acre lot and to take the title thereto to said parties jointly, and to give the defendant credit for his half of the investment; that it turned out that the number of pine and hemlock trees was grossly overstated; that the quantity of wood and lumber was greatly exaggerated; that the shore land was too wet to be available for cottage lots; and that the value of the land bought was much less than represented.

The trial below was by jury, and the verdict was for the plaintiff. By special verdicts, the jury found that the defendant induced the plaintiff to furnish the money and buy the land by false statements and representations knowingly made with intent to deceive; that the plaintiff relied upon them believing them to be true; that the property in question was worth $1,900; and

that it would have been worth $800 more, if it had been as represented.

The case, then, presents the novel feature of one held for a tort by which he, himself, lost as much as the other party. This feature does not prevent a recovery. Ordinarily, the parties to actions of this character stand in the relation of vendor and vendee, or as parties to an exchange of property. But such relations are not essential to the right of recovery. Liability grows out of the fact that the plaintiff has been misled to his prejudice, and not that the defendant has profited by his wrong. An actual motive to do injury to the plaintiff is not essential, but if a false representation is made with knowledge of its falsity, the intent to deceive is presumed. 12 R. C. L. 349; note to *Cottrill* v. *Krum*, (Mo.) 18 Am. St. Rep. 561. It is not necessary to show that the defendant acted from motives of personal advantage (*Whiting* v. *Price*, 169 Mass. 576, 48 N. E. 772, 61 Am. St. Rep. 307), and the fact that he actually gains nothing by the deception is not controlling. *Pasley* v. *Freeman*, 3 T. R. 51, 2 Smith L. C. 1300, and note; *James* v. *Crossthwait*, 97 Ga. 673, 25 S. E. 754, 36 L. R. A. 631; *Endsley* v. *Johns*, 120 Ill. 469, 12 N. E. 247, 60 Am. Rep. 572; *Medbury* v. *Watson*, 6 Metc. (Mass.) 246, 39 Am. Dec. 726; *Chellis* v. *Cole*, 116 Me. 283, 101 Atl. 444. In *Ewins* v. *Calhoun*, 7 Vt. 79, the defendant gained nothing by his fraud, yet he was held liable; and in *Paddock* v. *Fletcher*, 42 Vt. 389, it was said that the defendants were liable for their deception whether its fruits went into their own pockets or not.

With these rules in mind and the special verdicts before us, we find little difficulty in disposing of the question of liability. Though the defendant lost equally with the plaintiff by the purchase, he knowingly misrepresented material matters, and did this in circumstances rendering him liable to the plaintiff for his share of the loss.

In actions for deceit in the sale or exchange of real estate, two different rules for the assessment of damages have grown up, each recognized by courts of the highest authority. One is that the damages are to be measured by the difference between the property as it is and as it would be if it was as represented. The other is that the damages are to be measured by the difference between the value of the property and the price paid. Our rule is the one first above stated. It applies as well to personal as to real property, to sales and exchanges, and is too firmly estab-

lished to be questioned. *Bowman* v. *Parker,* 40 Vt. 410; *Shanks* v. *Whitney,* 66 Vt. 405, 29 Atl. 367; *Belka* v. *Allen,* 82 Vt. 456, 74 Atl. 91; *Howton* v. *Strout Farm Agency,* 90 Vt. 50, 96 Atl. 330; *Maidment* v. *Frazier,* 90 Vt. 520; *Turner* v. *Howard,* 91 Vt. 49, 99 Atl. 236. This was the rule applied to the case before us,—the plaintiff being allowed to recover one-half the difference between the value as it was and as it was represented. The defendant excepted, and insists that the second rule above specified should have been applied. So it remains to consider whether the facts that the defendant gained nothing by the transaction and was to become a partner in the enterprise affect the question.

It is to be noted that it is not the case of one partner deceiving another. The deception preceded the partnership. It was the deception that resulted in forming the partnership. So the fact that the defendant became a part owner as one of the results of his misrepresentation does not affect the quality of his conduct or the results flowing from it. He stands no differently than one wholly disinterested. The plaintiff's situation is affected by this relation only to the extent that he is relieved of one-half of the loss he would otherwise have sustained.

We see no logical reason why the damages here should not be assessed under our usual rule. We find no case wherein any such distinction as the defendant insists upon has been discussed, though the rule we adopt appears to have been applied in several cases. *Medbury et al.* v. *Watson,* 6 Metc. (Mass.) 246, 39 Am. Dec. 726, was an action brought against a third person for fraudulent representations regarding the cost and value of a certain tannery. One of the plaintiffs sold out his interest in the property for just what he paid for it, and it was urged in behalf of the defendant that as one of the plaintiffs had suffered no loss, there could be no recovery. But the court held otherwise, saying, in effect, that if through fraud he paid a higher price than the estate was worth, he was entitled to damages, without regard to what disposition he afterwards made of the property.

In *Shaw* v. *Gilbert,* 111 Wis. 165, 86 N. W. 188, a manufacturer was induced by the defendant's false and fraudulent representations to sell his goods on credit to an insolvent corporation, and was allowed to recover their full value, though this included his usual profit.

In *Lee* v. *Tarplin*, 183 Mass. 52, 66 N. E. 431, one induced by the false and fraudulent representations of a third party to accept a mortgage in part payment for property was allowed to recover the difference between the value of the mortgaged property and what it would have been if as represented.

*Page* v. *Wells*, 37 Mich. 415, was a case not wholly unlike the one in hand. There the defendant, under an arrangement which the court construed as a contract of employment, was to ascertain and report to the plaintiff the facts affecting the quality, quantity and value of certain pine lands. A report having been made pursuant to the arrangement, the plaintiff bought the lands in reliance thereon. The event showed that the lands were misrepresented in the reports, and suit was brought for damages. In disposing of the question of damages, Judge Cooley said: "If the plaintiff was induced to purchase lands on representations which proved to be untrue, the measure of his loss, as it seems to us, would be perfectly plain, and would be reached by an answer to the following question: 'How much less is the land worth as it is, than it would have been if its condition and quality had been as represented?' "

That was an action of assumpsit, but we see no reason why the language of the court is not equally applicable to an action of tort. Then, too, in that case, the defendant was paid a specific price for making the examination and report, while here the advantage which the defendant expected to gain was to come through being taken in on credit as an equal owner. This difference does not, however, distinguish the cases, so far as applicable legal rules are concerned. The plaintiff was entitled to the benefit of his bargain. The defendant should make it good to him. Courts holding to the other rule say that a plaintiff should not be allowed to speculate out of the defendant's wrongs; to that we reply, nor should a defendant be allowed to gamble on it. And under their rule, the temptation to interfere in the affairs of others, in order to help a friend or punish an enemy, would be greatly enlarged. If active fraud is to carry no greater penalty than to make price and value agree, honesty will not be much encouraged.

There was no error in overruling the defendant's motion for a verdict. The defendant's claim that there was no evidence tending to show fraud or misrepresentation is not supported by the transcript, which is referred to. The defendant knew that

the plaintiff was wholly unacquainted with this land and was relying entirely on what he said about it. He admitted that he made most of the representations complained of, but claimed that he merely quoted what Mr. Appleby, the owner, said about it. But the plaintiff and his wife, who were present, testified that the defendant did not quote Appleby, but made the statements of his own knowledge, and that he claimed that he had actually counted the hemlock trees. As to the cottage lots and what was said about them, the defendant insisted on the stand that his statements were true.

It is true as claimed by the defendant that in some particulars the plaintiff's testimony was somewhat contradictory. But the result is not what is claimed for it; it was for the jury to say which of such statements they would accept. *Pocket* v. *Almon,* 90 Vt. 10, 96 Atl. 421.

An express averment of an intention to deceive was unnecessary. It is alleged in the declaration that the representations were "falsely and fraudulently" made. The word "falsely" in some connections implies a purpose to deceive (*State* v. *Smith,* 63 Vt. at p. 211, 22 Atl. 604) ; and the term "fraudulently" includes the idea of intentional deception. *Hammatt* v. *Emerson,* 27 Me. 308, 46 Am. Dec. 598. When in a tort action the terms "falsely and fraudulently" are applied to misrepresentations inducing one to act to his injury, they necessarily imply a deliberate intent to deceive. *Sallies* v. *Johnson,* 85 Conn. 77, 81 Atl. 974, Ann. Cas. 1913 A, 386; *Bank of Montreal* v. *Thayer,* 7 Fed. 622; *Eibel* v. *Von Fell,* 64 N. J. Law 364, 48 Atl. 1117; *Hammatt* v. *Emerson, supra.*

There was no error in overruling the motion to set aside the verdict. It was addressed to the discretion of the court, and that discretion was neither withheld nor abused. *Lincoln* v. *C. V. Ry. Co.,* 82 Vt. 187, 72 Atl. 827, 137 Am. St. Rep. 998; *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232.

*Judgment affirmed.*