F. A. NICHOLS ET UX. v. GRANT A. LANE.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 18, 1919.

*Fraud—False Representations—Nature of Statements—Reliance
. Sale of Land—Opinion or Fact—Quality of Land—Inde-
pendent Investigation—Belief—Setting Aside Verdict—
Discretion of Court—Matters Reviewable—General Issue—
' Failure to Plead Specially.*

In actions for fraud in the sale of land, the sufficiency of the repre-
sentation in. question depends largely upon the circumstances in
which it is made and the character of the other statements accom-
panying it.

A false representation may be so extravagant and unreasonable that
an alert and sensible person would not believe it; but this fact
would not necessarily preclude one victimized by it from recover-
ing damages, and it would be for the jury to say whether he in
fact relied upon it; but some representations are so plainly of the
one class or the other that they can be dealt with by the court.

The ordinary motion to set aside a verdict is based on. the claim that
it is against the evidence, and is addressed to the discretion of
the trial court.

In an action for fraud in the sale of a farm, where the motion to set
aside the verdict for the plaintiff was specifically based upon the
legal insufficiency of the representation in question to support
the action, the action of the court in granting the motion neces-
sarily involved the ruling that the representation was insufficient
to support the action and is reviewable.

To support an action of fraud, a representation relied upon must be
of an ascertainable existing fact, one susceptible of knowledge,
and not estimate or opinion.

A representation by a vendor of land that "there was no better land
in Vermont" will not support an action of fraud; it being an un-
ascertainable fact, and obviously nothing more than a highly ex-
aggerated estimate or opinion which the buyer had no right to rely
upon.

A statement by a vendor, "You can keep as many as 40 cows in the pasture," was a statement of an existing fact, and, if false, was actionable.

The mere fact that a defrauded party made an independent investigation does not preclude his recovery, but it is to be considered on the question whether he relied upon his own observation and judgment, rather than on the statement complained of.

If, by such investigation, the party discovered that the fact was not as stated, he could not recover; for deceit is the very gist of his claim.

Where a case stands on the general issue, a defence which should have been set forth in an answer cannot be relied upon.

ACTION OF TORT for deceit in the sale of a farm. Plea, the general issue. Trial by jury at the September Term, 1917, Washington County, *Slack,* J., presiding. Verdict for the plaintiffs for $1,500. The court submitted two special verdicts, and the jury returned a verdict of $750 on each. The court rendered judgment for $750 on the special verdict founded on the allegation "you can keep as many as forty cows in the pasture," and, upon motion of the defendant, set aside the special verdict of $750 founded on the allegation "there is no better land in Vermont." Both parties excepted.

*S. Hollister Jackson* and *John W. Gordon* for the plaintiffs.

*Richard A. Hoar* and *Alland G. Fay* for the defendant.

POWERS, J.   The plaintiffs traded for the defendant's farm. They relied upon certain representations made by the latter concerning the property, which turned out to be untrue, and they bring this tort action for the resulting damages. The trial below was by jury, and at the close of the evidence the defendant moved for a verdict. This motion was overruled, and he excepted. Thereupon the court submitted to the jury as a basis of recovery these two representations set forth in the declaration: 1. "There is no better land in Vermont." 2. "You can keep as many as forty cows in the pasture." By special verdicts, the jury found for the plaintiffs on both of these representations, assessing the damages at $750 on each. A general verdict for the plaintiffs for the sum of $1,500 was also returned. The de-

fendant moved to set aside each of these verdicts. The court granted this motion so far as it related to the special verdict based upon the representation first above specified, and to this the plaintiff excepted. So far as it related to the other verdicts, the motion was overruled, and to this the defendant excepted. Judgment was then rendered for the plaintiffs for the sum of $750, to which both parties excepted. The plaintiffs also excepted to the refusal of the court to render judgment on the general verdict as rendered.

In the consideration of cases like this, it must be kept in mind that the sufficiency of the representation in question depends largely upon the circumstances in which it is made, and the character of the other statements which accompany it. This is everywhere admitted, and is well shown by our own cases. The law does not attempt to lay down hard and fast rules, but deals with each case as it arises. It recognizes the difficulty of drawing the line beyond which credulity cannot go. A statement may be so extravagant and unreasonable that an alert and sensible person would not believe it, but this fact would not necessarily preclude one victimized by it from recovering damages, though it would be for consideration by the jury on the question whether he in fact relied upon it. So usually the questions involved are for the jury. Some are, however, so plainly of the one class or the other that they can be dealt with by the court.

Certain general rules are established, and by the application of these the solution of the questions here presented is not of much difficulty.

The action of the court in setting aside the first special verdict was without error. The ordinary motion to set aside a verdict is based on the claim that it is against the evidence, and is addressed to the discretion of the trial court. *Howlon* v. *Strout Farm Agency,* 90 Vt. 50, 96 Atl. 330; *McDonald* v. *McNeil,* 92 Vt. 356, 104 Atl. 337. But this was not the ordinary motion; it was specifically based upon the legal insufficiency of the representation to support an action. So the action of the court in granting the motion necessarily involved a ruling that the representation that "there was no better land in Vermont" was insufficient to support this action. This ruling is reviewable and the exception saved is sufficient to raise the question.

It is well established by the cases that a representation relied

upon in such a case as this must be of fact, and not estimate
or opinion, and that it must be of an existing fact.   *Belka* v.
*Allen,* 82 Vt. 456, 74 Atl. 91; *Hunt* v. *Lewis,* 87 Vt. 528, 90 Atl.
578, Ann. Cas. 1916C, 170.

It must also be a representation of an ascertainable fact,
one susceptible of knowledge.   *Hedin* v. *Minneapolis Med. &
Surg. Institute,* 62 Minn. 146, 64 N. W. 158, 35 L. R. A.
417, 54 Am. St. Rep. 628; *Spead* v. *Tomlinson,* 73 N. H. 46,
56 Atl. 376, 68 L. R. A. 432; Kerr, Fraud, 82; Cooley, Torts,
501; 12 R. C. L. 245.

The representation under discussion is not of this class.
The fact embodied in it is, in the very nature of things, un-
ascertainable.   That is to say, by no available process could the
fact be known to the declarant.   The plaintiffs must have known
that the statement was not to be taken literally.   It was so
obviously nothing more than a highly exaggerated estimate or
opinion that the plaintiffs had no right to rely upon it.   Nor
do we find anything in the accompanying circumstances or
statements to change its character.   It was therefore proper for
the court to dispose of it as it did.

The representation regarding the capacity of the pasture
is of an entirely different character.   It is quite customary
to rate farms by the number of cows they will carry.   Everybody
knows what such statements mean, and a prospective purchaser
ordinarily has a right to rely upon the truth of them.   When
this defendant told the plaintiffs they could pasture forty cows
on this farm, it was not, in essence, an estimate, an opinion,
trade talk, or puffing.   It was a statement of an existing fact.
*Belka* v. *Allen, supra.*   The defendant might have stated the
capacity of the pasture in terms of acres, and, in the circum-
stances here shown, such a statement would have been actionable,
if false (*Twitchell* v. *Bridge,* 42 Vt. 68; *Cabot* v. *Christie,* 42 Vt.
121, 1 Am. St. Rep. 313), though this is not always so.   *Adams*
v. *Ladeau,* 84 Vt. 460, 79 Atl. 996.   He chose, however, to speak
of its capacity in terms of cows; and, when he did so, he asserted
a material fact which proved to be untrue.

There was nothing in the fact that the plaintiff visited the
farm and looked it over, that would, of itself alone, affect the
matter.   The mere fact that a defrauded party makes an inde-
pendent investigation does not preclude his recovery; it does
not conclusively show that he relied upon his own observation

and judgment, rather than on the statement complained of. *Morrow* v. *Bonebrake*, 84 Kan. 724, 115 Pac. 585, 34 L. R. A. (N. S.) 1147; 12 R. C. L. 357. It would be for consideration on that question, but not conclusive.

If by their investigation the plaintiffs had discovered the truth, their situation would be entirely different; for deceit is the very gist of their claim, and if they knew that the fact was not as stated, there was no deception. 12 R. C. L. 356.

It appeared in evidence that the plaintiffs gave the defendant a mortgage on the farm in question to secure a part of the purchase price, that shortly before this suit was brought that mortgage was foreclosed, and that the plaintiffs made no defence in that proceeding. These facts were made a basis of a motion for a directed verdict, and the claim was made below, and is renewed here, that the decree in the case referred to cut off the plaintiffs' rights and bars this action.

We need take no time with this, for it is wholly outside the issues. The case stood on the general issue. If this claim was to be relied upon in defence, it should have been set up in an answer. *Bradley* v. *Blandin*, 92 Vt. 313, 104 Atl. 11. Cases are tried in court on the issues made by the parties (*Brown* v. *Aitken*, 90 Vt. 569, 99 Atl. 265), and a defence which ought to be, but is not, included in the answer cannot be availed of though it casually or necessarily appears in the evidence. *Poole* v. *Mass. Mutual Accident Assn.*, 75 Vt. 85, 53 Atl. 331.

*Judgment affirmed, without costs in this Court.*