CATHERINE M. DANIELS, b. n. f. v. KENNETH M. PRESTON ET AL.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed January 10, 1930.

338

*Webber & Leamy* for the plaintiff.

*George M. Goddard* for the defendant Preston.

SLACK, J. The plaintiff seeks damages for personal injuries to Catherine Daniels which it is alleged resulted from the defendants' negligent use of a toy cannon. The suit was discontinued as to defendant Gennette before trial, and defendants Preston and Moreau had a verdict in their favor. After verdict and before judgment, the plaintiff moved to set aside the verdict on the grounds that it was "contrary to the evidence and to the weight of the evidence" and "contrary to law." The motion was granted as to defendant Preston, subject to his exception that the verdict was not unsupported by evidence, that the action of the court in setting aside the verdict was an abuse of its discretion, and that it was contrary to law. As to defendant Moreau the motion was denied, subject to plaintiff's exception that its denial was an abuse of the court's discretion.

■ Except for the use of the word "contrary" instead of the word "against," which in this connection has the same meaning, the first ground of the motion is identical, in effect, with that in *Howton et al.* v. *Strout Farm Agency et al.*, 90 Vt. 50, 96 Atl. 330, and in *Manley Bros.* v. *Boston & Maine Railroad*, 90 Vt. 218, 97 Atl. 674; and in those cases the Court says that the expressions "against the evidence" and against "the weight of evidence" mean the same thing. See also *Bradley* v. *Blandin & Somerset Land Co.*, 94 Vt. 243, 257, 110 Atl. 309.

■ Whichever language is used, the question raised is addressed to the discretion of the trial court, and its action is not reviewable unless it is made to appear that it has failed to exercise or has abused its discretion. *Lincoln* v. *Central Vt. Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 A. S. R. 998; *Howton* v. *Strout Farm Agency*, *supra; French* v. *Wheldon*, 91 Vt. 64, 99 Atl. 232; *McDonald* v. *McNeil*, 92 Vt. 356, 104 Atl. 337; *Nichols* v. *Lane*, 93 Vt. 87, 106 Atl. 592; *Bradley* v. *Blandin & Somerset Land Co.*, *supra; Temple et ux.* v. *Atwood*, 99 Vt. 434, 134 Atl. 591; *Robinson* v. *Leonard*, 100 Vt. 1, 134 Atl. 706.

■ The second ground of Preston's exception, that the court abused its discretion in setting aside the verdict in his favor, presents the same question raised by plaintiff's only exception, namely, the court's abuse of its discretion. Both of these exceptions are without merit. A party who alleges abuse of judicial discretion has the burden of showing it. This neither Preston nor the plaintiff has done. On the contrary, a careful examination of the evidence, which it is unnecessary to refer to specifically, clearly shows that the court acted well within its discretionary power in disposing of the motion as it did.

The third ground of Preston's exception, that the action of the court was contrary to law, is disposed of by what has already been said.

*Judgment affirmed as to defendant Moreau. Judgment affirmed as to defendant Preston, and cause remanded.*

NOTE.—WATSON, C. J., sat in the hearing of this case, but by reason of his death did not take part in its decision.